## Commonwealth *v.* Hanna, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Theodore S. Danforth,* Public Defender, for appellant.

*Ronald L. Buckwalter,* First Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., September 23, 1974:

In this case, appellant contends that the on-the-record colloquy which preceded his guilty plea on August 3, 1973, was invalid under *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974). Although we agree with appellant, we hold that *Ingram* should be applied only to guilty pleas tendered after January

24, 1974, the date of that decision. We are satisfied that the colloquy preceding appellant's guilty plea was sufficient under pre-*Ingram* case law, and affirm.

Appellant pleaded guilty to two counts of burglary and larceny. It appears on the record that prior to accepting the plea, the lower court confirmed the fact that appellant was represented by counsel; advised appellant that he had a right to a trial by a jury which would determine his guilt or innocence; told appellant that by pleading guilty he gave up that right; asked appellant whether he talked this over with his attorney and knew what he was doing; informed appellant of the charges against him and their respective penalties; and finally, received testimony as to the factual basis for the charges.

In *Commonwealth v. Ingram,* supra at 201, 316 A.2d at 79, the Supreme Court stated that "[w]hile we have not yet voided a plea merely because the presumption of innocence was not mentioned to a defendant, we have indicated that a factual basis for the plea must be demonstrated and that the defendant must understand the nature of the charges to which he is pleading." Although the Court found a sufficient "factual basis" on the record, it voided the plea because the record was insufficient to show that the defendant understood the nature of the charge against him. The Court reasoned: "In order to demonstrate that a defendant possesses such understanding, he certainly must be told more than just that he has been charged with murder or robbery, for example. . . . Thus, for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." *Id.* at 203-204, 316 A.2d at 80.

In this case, appellant specifically attacks the colloquy because it does not appear therein that (1) he

was informed that he is presumed innocent until found guilty beyond a reasonable doubt or that (2) he was informed of the elements of the crimes for which he was charged.

Turning first to the failure of the lower court to inform appellant of the presumption of innocence, we find that such failure is not fatal to this case. Although it is the far better procedure for the judge to inform the accused on the record that should he go to trial he will be presumed innocent until found guilty, *see* Pa. R. Crim. P. Rule 319 (a) *recommending* that such procedure be followed, our courts have never held that failure to inform a defendant of his presumption of innocence voids his plea. *See, e.g., Commonwealth v. Ingram,* supra; *see also* ABA Project on Standards for Criminal Justice, Standards Relating to Pleas of Guilty §1.4 (Approved Draft, 1968), ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge §4.2 (Approved Draft, 1972) (which do not require or recommend that the accused specifically be informed of his presumption of innocence). Appellant's second basis for attack (absence in colloquy of elements of crimes charged) would, if *Ingram* were controlling, require reversal.

In *Ingram,* the Court noted that past decisions dealing with guilty plea colloquies *"imply* that such examination [as to elements of crime charged] is mandatory." *Id.* at 204, 316 A.2d at 80 (emphasis original). The Court then stated: "We now expressly hold that there is such a requirement."

Taking this language in its normal context, it becomes evident that prior case law did not expressly require such a colloquy. The issue remains whether the Supreme Court's pronouncement should apply to guilty plea colloquies held before the *Ingram* decision.

To assist us in making our decision we need only quote the decision of the Supreme Court in *Common-*

*wealth v. Godfrey,* 434 Pa. 532, 536, 254 A.2d 923, 925 (1969), which held that *Boykin v. Alabama,* 395 U.S. 238 (1969) (requiring on-the-record colloquies for guilty pleas) should not be applied retroactively: "[I]t is staggering to the imagination to contemplate the chaos which would result if Boykin were applied retrospectively. The overwhelming majority of all convictions result from guilty pleas. In a great many of these cases, inadequate *on-the-record* examinations were conducted. This would mean that countless cases would have to be retried if Boykin were applied retroactively."

The United States Supreme Court came to the same conclusion, that *Boykin* should not be applied retroactively, in *Halliday v. United States,* 394 U.S. 831 (1969). Recently, our own Court has refused to apply the new requirements for a jury waiver colloquy, announced in *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973), to cases tried before *Williams. Commonwealth v. Lockhart,* 227 Pa. Superior Ct. 503, 322 A.2d 707 (1974).

A review of the aforementioned cases convinces us that *Ingram* should only apply to guilty plea colloquies conducted after January 24, 1974, the date of the *Ingram* decision. Any other conclusion would seriously jeopardize the administration of justice. The record reveals that appellant was informed by the court of his right to a jury trial, the charges against him, and the possible sentence he could receive. A "factual basis" for the charges was presented and appellant was represented by counsel with whom he had earlier conferred. The record also reveals that on another occasion appellant had entered a plea of guilty to twenty counts of burglary and larceny. Under the law prior to *Ingram,* we are satisfied that appellant's plea was both voluntarily and understandingly tendered. *See, e.g., Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973) ; *Commonwealth v. Maddox,* 450 Pa. 406, 300 A.2d 503

(1973) ; *Commonwealth v. Martin,* 445 Pa. 49, 282 A.2d 241 (1971) ; *see also* Pa. R. Crim. P. 319.

Judgment affirmed.