Commonwealth *v.* Thompson, Appellant.

418

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David Rudovsky, David Kairys,* and *Kairys & Rudovsky,* for appellant.

*James A. Shellenberger, David Richman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., September 23, 1974:

In this case, appellant contends that his guilty plea tendered in 1971 was invalid because the colloquy preceding the plea did not conform with the requirements

set forth by the Pennsylvania Supreme Court in *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974). Because of our decision in *Commonwealth v. Hanna,* 230 Pa. Superior Ct. 194, 326 A.2d 538 (1974), which holds that *Ingram* is not to be applied to guilty pleas tendered before the date of that decision and because the colloquy satisfied the requirements of pre-*Ingram* law, we affirm the lower court's denial of relief.

Appellant's plea of guilty to possession of burglary tools, burglary, larceny, and receiving stolen goods was tendered on June 16, 1971, more than two years before the Supreme Court's decision in *Ingram.* The on-the-record colloquy discloses that appellant was informed by his privately-retained counsel of his right to a jury trial; the elements thereof; and the crimes with which he was charged. The lower court advised appellant of the possible sentence he could receive. There was also testimony establishing a factual basis for the charges and that no plea agreement had been negotiated.

Although the colloquy failed to show that appellant was informed of the presumption of innocence, this alone is not fatal to the plea. *Commonwealth v. Ingram,* supra. Although *Ingram* now requires that a defendant be informed on the record of the elements of the crime to which he is pleading, we have held in *Commonwealth v. Hanna,* supra, that this requirement does not apply to guilty pleas tendered before the date when *Ingram* was decided.

We are satisfied from our review of the record that appellant's plea was voluntarily and understandingly tendered. *See, e.g., Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973); *Commonwealth v. Maddox,* 450 Pa. 406, 300 A.2d 503 (1973); *Commonwealth v. Martin,* 445 Pa. 49, 282 A.2d 241 (1971); *see also* Pa. R. Crim. P. 319.

Order affirmed.