389 A.2d 630

**COMMONWEALTH of Pennsylvania**

v.

**Lee CROWDER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1977.

Decided July 12, 1978.

120

Michael A. Klimpl, Assistant Public Defender, Doyles-
town, for appellant.

Stephen B. Harris, First Assistant District Attorney, Warrington, and Kenneth G. Biehn, District Attorney, Doylestown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Bucks County, denying appellant's petition for relief under the Post Conviction Hearing Act.[1] We affirm the decision of the lower court.

Pursuant to a guilty plea to burglary, larceny, receiving stolen goods, and conspiracy, appellant, Lee Crowder, was sentenced in September, 1959, to one and one half to ten years in a state penitentiary. In 1968, appellant filed his first petition under the Post Conviction Hearing Act, alleging, inter alia, that his guilty plea was not knowingly and intelligently entered. Court appointed counsel represented Crowder at the hearing on the petition wherein the judge denied relief.[2] On appeal to the Superior Court the lower court's decision was affirmed per curiam.[3] Appellant filed his second petition under the Post Conviction Hearing Act in 1970. This petition involved an issue not related to this appeal, which was also dismissed after a hearing.[4] A third petition was filed in 1975 wherein the propriety of the entry of the guilty plea was raised again. The lower court judge dismissed the petition, without a hearing, for the reasons that the issues raised had already been litigated or waived in the proceedings on the prior two petitions.

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp. 1977–78).

2. *Commonwealth v. Crowder,* 18 Bucks Co.L.Rep. 441 (1968).

3. *Commonwealth v. Crowder,* 214 Pa.Super. 710, 249 A.2d 797 (1969).

4. *Commonwealth v. Crowder,* 23 Bucks Co.L.Rep. 113 (1972).

■ The issue before this court is whether the propriety of the 1959 guilty plea should be considered. In answering this question, we must first look to the language of the Post Conviction Hearing Act. Section 1180–4(a)(2) reads that an issue is finally litigated if

"The Superior Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals."

In the instant case, appellant's contention concerning his guilty plea was finally disposed of under this section of the PCHA. This court affirmed the lower court's decision dismissing the first petition, and appellant did not appeal to the Supreme Court. Nor did he consistently raise the issue in his second petition under the PCHA, but waited until the third petition to again pose the guilty plea question.[5] Thus the issue of the propriety of the guilty plea was fully litigated at the time of the first petition under the PCHA and may not be reconsidered before us now.

Although we feel this reasoning disposes of the case, appellant's brief contends the case of *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974) changed the law in regard to guilty pleas and that *Commonwealth v. Minor,* 467 Pa. 230, 356 A.2d 346 (1976) applied that change retroactively, and so, he argues his case involves extraordinary circumstances and the propriety of the guilty plea is not waived for our review here.[6]

Assuming arguendo that appellant's assertion of "extraordinary circumstances" may be treated as an allegation that his failure to appeal the Superior Court decision was not knowing and understanding, we reject that allegation. This contention could only be accepted if the rights given to

5. When an issue is not raised in a prior petition under the PCHA, it is waived for any further consideration in subsequent petitions. *Commonwealth v. Bates,* 460 Pa. 246, 332 A.2d 809 (1975).

6. 19 P.S. § 1180–4(b)(2) reads:
"(b) For the purposes of this act, an issue is waived if:
(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue."

defendants by *Ingram* may be regarded as having been in existence, but not being recognized at the time appellant entered his guilty plea. See § 1180–3(c)(12). This is not the case.

In the landmark case of *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968) our Supreme Court made a colloquy mandatory. Pa.R.Crim.P. 319(a) codified the case law on the colloquy requirement. In *Commonwealth v. Ingram,* supra, the Supreme Court stated that a colloquy would be inadequate unless it strictly followed the guidelines of Pa.R.Crim.P. 319 and established that there was a factual basis for the plea, that the defendant understood the nature of the charges against him, including the elements of the charge, and that the defendant was informed he is presumed innocent until proved guilty. Case law immediately following *Ingram,* applied the *Ingram* rule prospectively from the date of the *Ingram* decision, January 24, 1974.[7] However, our Supreme Court in *Commonwealth v. Minor,* supra, stated the *Ingram* decision did *not* announce new law since the pre-*Ingram* and post-*Ingram* standards for guilty pleas were the same, and that *Ingram* merely elaborated on the standards which had already been codified by Pa.R.Crim.P. 319. Thus, in cases where a guilty plea was accepted before January 24, 1974, the pre-*Ingram* law is applied to invalidate convictions if the correct standards are not met. *Commonwealth v. Schork,* 467 Pa. 248, 356 A.2d 355 (1976).[8]

The facts that the guilty plea in question was entered in 1959 not only takes this case to pre-*Ingram* standards but

7. See, e. g., *Commonwealth v. Turman,* 230 Pa.Super. 356, 326 A.2d 891 (1974); *Commonwealth v. Thompson,* 230 Pa.Super. 417, 326 A.2d 537 (1974); *Commonwealth v. Hanna,* 230 Pa.Super. 194, 326 A.2d 538 (1974).

8. The Supreme Court in *Minor,* supra, did not address itself to the retroactive-prospective issue since they held *Ingram* did not announce new law. However, Justice Pomeroy continues to dissent from the decisions applying *Ingram* to cases dealing with pleas accepted before January 24, 1975, on the basis that *Ingram* is actually being applied retroactively.

also to the law before an on-the-record colloquy was required. Recently, in *Commonwealth v. Alston,* 473 Pa. 40, 373 A.2d 741 (1977), our Supreme Court dealt with a factual situation similar to the one before us. *Alston* entered a guilty plea in 1965 and filed a PCHA petition in 1975 questioning the plea of 1965. There was no colloquy in the lower court. Defendant testified he entered the plea because his attorney told him to do so, while the attorney testified to the contrary. In *Alston,* the court cited *Commonwealth ex rel. West v. Rundle,* supra, which made a colloquy mandatory. The court held that since the guilty plea was entered before the *West* decision in 1968 no colloquy was required; the standards for determining the validity of guilty pleas before *West* were set forth.[9] No mention was made of either the *Ingram* or the *Minor* decisions as affecting this 1965 plea. Instead the Court said the resolution of the issue of credibility of the witnesses was for the trial court, *Commonwealth v. Hosack,* 459 Pa. 27, 326 A.2d 352 (1974), and that the court did not have to credit defendant's testimony, given ten years after the plea, especially since it was contradicted by the attorneys.

The record before us is silent on appellant's awareness of his rights before sentencing; however, he did not comment at his sentencing hearing which was recorded.[10] Appellant's testimony at the PCHA hearing on the first petition filed is contradicted by the testimony of his court-appointed attorney who claimed his general custom was to inform the defendant of all his rights before the entry of a plea. The language of *Minor,* which says *Ingram* did not create new law must be read as having been qualified by the

9. " . . . the plea must have been voluntarily, knowingly, and intelligently made by the defendant, with an understanding of the charges against him, of the constitutional rights being waived, and of the consequences of his plea." *Commonwealth v. Alston,* 473 Pa. at 45, 373 A.2d at 743.

10. At that time, the failure to probe into defendant's awareness of the consequences of the plea was not of itself a sufficient basis for a new trial. *Commonwealth v. McCauley,* 428 Pa. 107, 237 A.2d 204 (1968).

Supreme Court decision in *Alston* that disposes of an attack on a 1965 plea without mentioning *Ingram* or *Minor*. Implicit in *Alston* is a holding that *Ingram* and *Minor* are not to be given complete retroactive effect. Thus, any allegation that appellant's waiver of his right to appeal the Superior Court decision was vitiated by his lack of foreknowledge of *Ingram* is unfounded.

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.