Commonwealth *v.* Ingram, Appellant.

Submitted November 21, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused March 22, 1974.

*Joseph R. Danella,* for appellant.

*Mark Sendrow* and *David Richman,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, January 24, 1974:

The only questions presented by this appeal relate to appellant's charge that the on-the-record colloquy prior to his guilty plea was deficient under the requirements of Rule 319(a) of the Pennsylvania Rules of Criminal Procedure. The relevant facts are as follows:

On June 18, 1971, appellant pleaded guilty to an indictment charging him with the murder of one Betty Jean Jenkins. Following a degree of guilt hearing, appellant was found guilty of second degree murder and on September 13, 1971, was sentenced to a term of five to twenty years imprisonment. This appeal is from that judgment of sentence.

Appellant initially argues that the pre-plea colloquy in this case did not comply with the requirements of

Rule 319 since the inquiry was conducted by the district attorney in the judge's presence and not by the judge himself. This contention is without merit. Rule 319, paragraph "(a)" reads as follows: "(a) Generally. A defendant may plead not guilty, guilty, or with the consent of the court, nolo contendere. The judge may refuse to accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record." Nothing in the rule or the comments indicates that the judge himself must personally examine the defendant. On the contrary, the comments to paragraph (a) of Rule 319 explicitly state that a judge-conducted examination is not required: "It is advisable that the judge should conduct the examination of the defendant. *However, Paragraph (a) does not prevent defense counsel or the attorney for the Commonwealth from conducting part or all of the examination of the defendant, as permitted by the judge . . . .*" (Emphasis added.) Moreover, we have recently noted our approval of this comment by upholding a colloquy which was conducted by defense counsel in the judge's presence. *See Commonwealth v. Maddox,* 450 Pa. 406, 409 n. 3, 300 A. 2d 503 (1973) ; *see also Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 106 n. 5, 237 A. 2d 196, 198 n. 5 (1968). The importance of the colloquy is to demonstrate that defendant's action is taken voluntarily and intelligently. This examination need not be performed by the court alone. Either defense counsel or the district attorney may conduct the necessary questioning, if in the presence of the court, to its satisfaction, and on the record. The essential element is therefore a recorded demonstration that the defendant is fully aware of the ramifications of his action and is entering his plea voluntarily.

Appellant's other contention is that the pre-plea examination was deficient since it failed to elicit the information required under Rule 319. Specifically, it is

charged that the colloquy failed to establish (1) that there was a factual basis for the plea, (2) that appellant understood the nature of the charges to which he pleaded guilty and (3) that appellant understood that he is presumed innocent until proven guilty. The questions thus presented are whether the above allegations are supported by the record in whole or in part and, if so, whether such a defect requires our reversal.

The revised comments to Rule 319, paragraph (a), specifically recommend that these three points be among those "minimum" points covered in the examination of the defendant.[1] While we have not yet voided a plea merely because the presumption of innocence was not mentioned to a defendant, we have indicated that a factual basis for the plea must be demonstrated and that the defendant must understand the nature of the charges to which he is pleading. *See Commonwealth v. Campbell,* 451 Pa. 465, 304 A. 2d 121 (1973); *Commonwealth v. Jackson,* 450 Pa. 417, 299 A. 2d 209 (1973); *Commonwealth v. Maddox,* 450 Pa. 406, 300 A. 2d 503 (1973). This is consistent with the comment to paragraph (a) of Rule 319 which suggests that the rule was intended to codify the "preferred practice" suggested by our decisions in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968) and *Commonwealth v. Belgrave,* 445 Pa. 311, 285 A. 2d 448 (1971). This "preferred practice" (which is now "mandatory practice" under Rule 319) was that the trial court should "conduct an on-the-record examination of the defendant which should include, inter alia, an attempt to satisfy iself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." *Commonwealth ex rel. West v. Rundle,* 428

---

[1] *See* note 5 *infra.*

Pa. at 106, 237 A. 2d at 198. Accordingly, we will confine our discussion at this time to the "factual basis" and "nature of the offense" problems.

Although there is a rather lengthy colloquy in this case,[2] the record disclosed only the following regarding the examination on these points: "Q. [By the District Attorney]. Now, I understand it is your intention at this time to plead guilty to murder generally, that is, guilty to the charge on Bill Number 703 charging you with murder; is that correct? A. [By the Defendant]. Yes. Q. Do you understand, sir, that by pleading guilty to this charge you are admitting that on October 9 of 1970 you shot and killed Betty Jean Jenkins? A. Yes. Q. Do you understand that? A. Yes. Q. And do you admit that? A. Yes." We feel that appellant's admission that he "shot and killed" the victim, despite its lack of detail, provided a sufficient "factual basis" for the trial judge to accept the plea. Although there is no specific admission of intent or malice, the court below could infer the requisite malice from the *unexplained* shooting.[3] Moreover, the "factual basis" requirement does not mean that the defendant must admit every element of the crime. A defendant may decide, as a matter of strategy or expedience, to "volun-

---

[2] The colloquy consisted of some fifty questions and responses consuming eight pages of transcript.

[3] We have previously held that a *jury* may infer malice from evidence that the defendant shot the victim even where the defendant asserts that the shooting was accidental. *See Commonwealth v. Whitaker*, 440 Pa. 143, 269 A. 2d 886 (1970). Where, however, the defendant offers some exculpatory explanation prior to a guilty plea, his version of the event goes to the issue of the voluntary and understanding nature of the plea itself and not, as in the *Whitaker* situation, to the question of sufficiency of evidence. Under these circumstances, the defendant's "excuse" should alert the judge to conduct an especially diligent examination to ascertain that the defendant wishes to plead guilty in spite of possible meritorious defenses or mitigating factors.

tarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford,* 400 U.S. 25, 37 (1970).

However, our finding of a sufficient "factual basis" does not necessarily mean that defendant "understood the nature of the charges against him." While it is permissible for a defendant to enter a valid guilty plea even if he does not expressly admit every element of the crime, a valid guilty plea may not be accepted in the absence of a demonstration of defendant's understanding of the charges. *Commonwealth v. Campbell,* 451 Pa. 465, 304 A. 2d 121 (1973). The issue presented here is whether such demonstration requires that a defendant be given more information than merely the *name* of the crime to which he is pleading and if so, how much more must be given.

We have often enunciated the principle that an adequate on the record colloquy under Rule 319(a) must include a demonstration "that the defendant understands the nature of the charges. . . ." *Commonwealth v. Campbell,* 451 Pa. 465, 467, 304 A. 2d 121, 122 (1973) ; *Commonwealth v. Maddox,* 450 Pa. 406, 408, 300 A. 2d 503, 504 (1973) ; *see also Commonwealth v. Belgrave,* 445 Pa. 311, 317, 285 A. 2d 448, 450 (1971). In order to demonstrate that a defendant possesses such understanding, he certainly must be told more than just that he has been charged with murder or robbery, for example. While such terms clearly connote some meaning to the layman, this meaning does not always embrace the basic legal elements of the crime. If this were not the case, there would be no need for instructions to a jury on such points, for certainly, an average defendant cannot be presumed to understand more than an average juror. Thus, for an examination to demonstrate a defendant's understanding of the charge, the

record must disclose that the elements of the crime or crimes charged were outlined in understandable terms. Our decisions in *Commonwealth v. Campbell, supra,* and *Commonwealth v. Jackson,* 450 Pa. 417, 299 A. 2d 209 (1973), both of which dealt with extensive colloquys *on this point, imply* that such examination is mandatory. We now expressly hold that there is such a requirement.

Under this standard, the present record is clearly inadequate. All that was asked of appellant was (1) whether he understood that the charge was murder and (2) whether he understood that by pleading guilty to this charge, he would be admitting that he shot and killed the victim. Shooting and killing do not necessarily constitute murder. Appellant was entitled to an explanation of the elements of the crime of murder with an illustrative elucidation of the term "malice."[4] This explanation was not given. Thus, the questions asked were inadequate. Consequently, appellant's affirmative responses thereto did *not* demonstrate that he understood the nature of the charges against him.

As a final note, we call attention to the most recent comments to Rule 319(a). The list of areas of inquiry outlined there indicate the type of examination which will satisfy the requirements of the rule.[5] Adherence to these guidelines will serve to protect the rights of de-

---

[4] The fact that the court could infer malice from the unexplained shooting for purposes of establishing a "factual basis" for the plea (*see* note 3 and accompanying text *infra*) did not relieve the court of its duty to see that the appellant is instructed regarding the elements of the crime of murder. These requirements—"factual basis" and "understanding the nature of the charges"—are separate and distinct.

[5] The comments recommend that "at a *minimum* the judge asks questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

fendants while simultaneously facilitating appellate review.

Reversed and remanded for a new trial.

Mr. Justice POMEROY concurs in the result.

---

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?" (Emphasis added).