## Commonwealth v. Rockwell

*S. Bonavita*, District Attorney, for Commonwealth.
*W. Morgan*, for defendant.

WOLFE, P. J., August 23, 1974.—For disposition is defendant's petition under the Post Conviction Hearing

Act following imposition of sentence on April 16, 1974, to a minimum period of two years to a maximum of four years on a plea of guilty to charges of aggravated assault and carrying a concealed weapon without a license to do so.

Petitioner alleges as grounds for relief: (1) Denial of representation by competent counsel; (2) a plea of guilty unlawfully induced; (3) suppression of evidence by the Commonwealth; (4) the unavailability at the time of trial of exculpatory evidence.

Petitioner does not seriously pursue any of the allegations except denial of representation by competent counsel and a plea unlawfully induced which, at time of hearing has been modified and amended to allege that his plea of guilt was not knowingly entered because he did not understand the definition of "aggravated assault."

Petitioner acknowledges he advised the court at time of sentence he understood the charge against him and was entering his plea because he was guilty. Although petitioner could not recall if his counsel explained the elements necessary to constitute an aggravated assault, his trial counsel, the Public Defender, testified he met various times with petitioner and explained the language to him as well as the meaning of the complaint and the nature of the elements to support the charge. According to trial counsel, defendant admitted he carried the firearm and he shot at his victim but in such a way as to deliberately miss him albeit the bullet did strike the victim after it deflected.

The record reflects that petitioner was arraigned twice, the first time entering a plea of not guilty and the second time entering a plea of guilty. The record also reflects that prior to imposition of sentence, the court heard testimony from the arresting officer concerning the circumstances bringing forth the charge

and testimony from petitioner. According to petitioner's pre-sentence testimony he stopped at a tavern to acquire a six-pack of beer when he was approached by Ernie Coy. They had a drink together and became involved in an argument wherein Coy allegedly advised petitioner if he wanted any trouble he could give him all he wanted and that he had a 9 MM with him. The difficulty between the two appears to be over a girl friend that petitioner wanted to come with him and, as petitioner left, the victim allegedly approached him and petitioner then gave him a warning shot which deflected and hit Coy.

Petitioner argues the foregoing circumstances do not support the charge of aggravated assault and the record does not comply with Rule of Criminal Procedure 319(a) in that there is no indication petitioner knowingly and understandingly entered his guilty plea.

Pennsylvania Rule of Criminal Procedure 319(a) requires the trial judge to refuse to accept a plea of guilty unless he determines, after inquiry of defendant, the plea is voluntarily and understandingly tendered. This rule has been interpreted by Commonwealth v. Ingram, 455 Pa. 198 (1974), to mean the trial court should satisfy itself prior to the acceptance of a guilty plea defendant understands: (1) The nature of the charges, (2) his right to a jury trial, (3) the act sufficient to constitute the offense for which he is charged, and (4) the permissible range of sentences.

This information can come from another source other than a direct colloquy entered in between defendant and the trial judge: Commonwealth v. Nelson, 455 Pa. 461 (1974), wherein the factual basis can be derived from pre-sentence testimony.

Petitioner was charged under section 2702 of the Crimes Code of December 6, 1972, P. L. 1068 (no. 334), 18 PS §2702, in that he did on or about the 24th day of

February 1974 at East Main Street, Youngsville Borough:

"Commit aggravated assault upon Ernie Coy with attempt to cause serious bodily injury, that is by shooting Ernie Coy in the stomach with a gun, intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life."

According to the arresting officer who testified at the pre-sentence, the victim was shot "right in the stomach, middle section of the stomach" with a .22 caliber revolver. Thereafter, petitioner left the scene of the shooting. On cross-examination the arresting officer stated he was under the impression the victim did have a "couple of stitches" because of the wound.

According to petitioner's testimony, when the victim went to his car across the street and then back, he told him not to come any closer or he would shoot and he did give him a warning shot which deflected and hit him.

At the post-conviction hearing, petitioner stated he pleaded guilty because he thought he would receive a lighter sentence than that imposed rather than making any complaint he did not understand the nature of the charge. We agree with post-conviction counsel that Ingram, supra, mandates a defendant must be told more than just that he had been charged with a particular crime. Petitioner states he thought the word "aggravated" meant he had to be disturbed or aroused rather than the result of his conduct to constitute aggravated assault, and since the court failed to define the word "aggravation" and the elements to support it to him, his plea was not knowingly and intelligently entered. Petitioner also argues he did not "attempt" to cause serious bodily injury.

The statute makes it clear an aggravated assault

charge can be supported if a person "attempts to cause serious bodily injury to another, or [in fact] causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." Thus, to support the charge, either an attempt to cause serious bodily injury to another has to be made or, in the alternative, the defendant, in fact, causes such injury intentionally, etc.

The petitioner now desires the court to accept his statement that he had no intent and did not, therefore, attempt to cause serious bodily injury to Coy, in effect; since the bullet propelling from his gun was deflected (if that were the case) that took away his "attempt" to cause serious bodily injury to Coy and, in any event, he had no intent to cause any injury. We do not think the law rests on such fortuitous circumstances. The court in the instant case went far beyond the minimum requirements in its colloquy with petitioner as mandated by Ingram, supra. Petitioner was read the charges by the court and asked if he understood the nature of the charges against him, to which he replied in the affirmative and he understood his constitutional rights as afforded him at time of arraignment. He expressed no doubt he understood the charges and stated he was guilty of them. The court advised him it was the duty of the Commonwealth to prove him guilty beyond a reasonable doubt on each of the charges, that he had a right to trial by jury consisting of 12 people from Warren County and their verdict must be unanimous and he had a right to be represented by counsel.

We think petitioner's statement at the post-conviction hearing that he pleaded guilty expecting a lighter sentence is the more correct position rather than he did not understand the nature of the charge. We can

accept, the fact that petitioner may not know the niceties of the legal meaning of the words "aggravated assault," but he testified to his conduct which, in our opinion, creates the necessary "factual basis" to support the charge. We agree very few laymen understand the meaning of legal labels, and we agree that if this court simply advised petitioner he was charged with aggravated assault, this could be insufficient; however, when petitioner spells out his own conduct we do not think he is in a position to plead ignorance resulting from a formal charge created by that conduct: Commonwealth v. Maddox, 450 Pa. 406 (1973); Commonwealth v. Jackson, 450 Pa. 417 (1973). Petitioner advised the court his plea was given freely and voluntarily and not based on any promises of leniency from the court or from any other source in exchange for his plea. Finally, petitioner was advised of the range of sentences if his plea was accepted.

On the charge of incompetent counsel, the cases are replete that this allegation cannot be sustained unless petitioner overcomes the presumption counsel is competent and a claim of ineffectiveness will not be successful unless it is sustained by the record or other credible evidence and the court will not substitute hindsight judgment for counsel's reasonable trial strategy: Commonwealth v. Hill, 450 Pa. 477 (1973); Commonwealth v. Waters, 441 Pa. 511 (1971): Commonwealth v. Stein, 436 Pa. 330 (1969), and Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599 (1967). In this respect, trial counsel testified he was satisfied the evidence the Commonwealth had could sustain a charge of aggravated assault as well as carrying a concealed weapon without a license to do so, and it was trial counsel's judgment he so advised the petitioner that a guilty plea should be considered. We know of no cases, and none has been presented

to us, that prohibits trial counsel to advise his client to enter a guilty plea and such advice, is, in our opinion, competent provided the record could support guilt beyond a reasonable doubt and defendant understands the charge and makes the final conclusions to do so freely and voluntarily. Again, Ingram states, moreover, "the 'factual basis' requirement does not mean that the defendant must admit every element of the crime. A defendant may decide, as a matter of strategy, or expediency, to 'voluntarily, knowingly and understandingly' consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime": North Carolina v. Alford, 400 U. S. 25, 37 (1970).

Post conviction counsel argues that trial counsel had misinformed petitioner of the meaning of aggravated assault and the necessary elements, namely, he would be guilty of aggravated assault if he recklessly fired his weapon in the presence of another person even though he did not attempt to harm that person, if harm actually did result. We do not make any attempt to refute the testimony of trial counsel; however, even if petitioner were misinformed prior to sentence, we are of the opinion, if the trial court which has the primary duty to afford petitioner his constitutional rights accepts a guilty plea after listening to sufficient testimony or enters into a colloquy which satisfies the court there is a foundation for the charge and defendant understands it, it is harmless error. We find it rather incongruous petitioner would remember misinformation given to him by trial counsel upon which he entered his plea but now asserts he still does not understand the nature of the charge after listening to the testimony from the arresting officer and in very simple words explaining it himself.

Petitioner did not press his allegation of the uncon-

stitutional suppression of evidence or the allegation of unavailability at time of trial of exculpatory evidence nor do we think he could in the face of the record.

For these reasons, we enter the following order:

## ORDER

And now, August 23, 1974, the post-conviction of petitioner of defendant is dismissed.

Exceptions to petitioner.