## Commonwealth v. Thompson, Appellant.

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Penn B. Glazier,* Assistant Public Defender, for appellant.

*Louise G. Herr,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P.J., September 22, 1975:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Lancaster County. Appellant, Raymond Thompson, was arrested five times for driving a motor vehicle while under suspension during a two-month period. His privately retained counsel, with appellant's knowledge and agreement, entered into plea bargaining negotiations with the District Attorney. As a result of these negotiations, the following bargain was reached.

Appellant would plead guilty to the fourth and fifth charges of operating a motor vehicle while under suspension. In return appellant would receive a maximum sentence of one and a half years. During this sentence appellant was not to be transferred from the Lancaster County Prison and he was to be eligible for the outmate program.

The court below accepted the plea bargain and appellant was sentenced accordingly.

At trial, however, neither the court nor the attorneys conducted a guilty plea colloquy as is required by *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974).

A prompt appeal asking that appellant be permitted to withdraw his guilty plea and that the judgment of sentence be vacated was filed by new counsel, the public defender.

The Commonwealth admits that a proper colloquy did not take place but contends that as this was a bargained plea, a colloquy sufficient to satisfy *Commonwealth v. Ingram,* supra, is not required. We disagree.

The purpose of a colloquy as required by *Ingram,* *supra,* is to establish on the record: ". . . (1)₁ that there was a factual basis for the plea, (2) that appellant understood the nature of the charges to which he pleaded guilty, and (3) that appellant understood that he is presumed innocent until proven guilty." *Ingram, supra,* at page 201.

This is required for a guilty plea even if the plea is the result of a bargain. While it is true some of the *Ingram, supra,* requirements particularly that of stating the range of sentence might not be of as great importance in the bargained plea, the vast majority are still just as important, especially the three main purposes stated above.

The only mention in the instant case of any *Ingram*-type colloquy is at page 4 of the transcript:

"THE COURT: You have advised him of his rights?

"MR. PYFER: Yes, your Honor.

"THE COURT: And he is entering into this plea of his own free will and accord?

"MR. PYFER: Yes, your Honor."

This clearly is not sufficient. A full *Ingram* colloquy should have been held in order that the court could have satisfied itself that the standards for accepting the plea had been met.

Judgment of sentence reversed and the case is remanded for a new trial.