Commonwealth *v.* Long, Appellant.

Submitted April 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Duke George, Jr.*, Assistant Public Defender, and *Dante G. Bertani*, Public Defender, for appellant.

*Morrison F. Lewis*, Assistant District Attorney, and *Albert M. Nichols*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 22, 1975:

Appellant contends that the sentence imposed pursuant to his guilty plea must be reversed because the colloquy conducted before acceptance of the plea did not comport with the requirements set forth by our Supreme Court in *Commonwealth v. Ingram*, 455 Pa. 198, 316 A. 2d 77 (1974).

Appellant was arrested on June 6, 1974, for burglary, theft and receiving stolen property. At trial, on September 24, 1974, a co-defendant, and then appellant, entered pleas of guilty pursuant to negotiated bargains. Before the court accepted the co-defendant's plea, the arresting officers testified about the circumstances resulting in the arrests. When appellant entered his plea, his counsel conducted a colloquy. Appellant stated that the facts of his case were "similar" to those of his co-defendant's case.

In *Commonwealth v. Ingram*, supra, at 201, the Court held that a valid on-the-record colloquy conducted pursuant to Rule 319, Pa. R.Crim.P., must demonstrate that there was a factual basis for the plea, that appellant understood the nature of the charges to which he pleaded guilty, and that appellant understood that he is presumed innocent until proven guilty. Examination of the record in the instant case reveals that the colloquy failed

to establish that appellant was informed of the elements of the crimes to which he pleaded guilty. Thus, the colloquy is deficient because it does not demonstrate that appellant understood the nature of the charges. Thus, *Ingram* requires that the judgment of sentence be reversed.

Reversed and remanded for a new trial.