380 A.2d 356

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**John VELTRE (two cases).**

Supreme Court of Pennsylvania.

Submitted Sept. 26, 1977.

Decided Dec. 1, 1977.

James J. Conte, Asst. Dist. Atty., Greensburg, for appellant.

Leonard A. Redlich, Redlich, Cassol, Redlich & Morocco, Greensburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PER CURIAM.

Order affirmed. The post-conviction hearing judge, who also had presided at the acceptance of the guilty pleas, properly granted a new trial. *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976).

POMEROY, J., filed a dissenting opinion.

EAGEN, C. J., dissents.

POMEROY, Justice, dissenting.

By its affirmance of the order of the P.C.H.A. court granting a new trial, the Court necessarily applies the standards for ascertaining the validity of a guilty plea, first established in *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), to a case wherein the plea was accepted prior to the date of our decision in *Ingram*. For the reasons fully set forth in my dissenting opinion in *Commonwealth v.*

*Minor*, 467 Pa. 230, 356 A.2d 346 (1976), I believe *Ingram* should be applied in a wholly prospective fashion. My examination of the record in the case at bar leaves no doubt in my mind that the guilty plea colloquies here involved (to murder generally, rape, and aggravated assault and battery with intent to kill) fully satisfied the pre-*Ingram* requirements, and that the pleas were knowing, intelligent and voluntary. I therefore find no justification for allowing withdrawal of the pleas and ordering that the cases be retried. Hence this dissent.