411 A.2d 257

**COMMONWEALTH of Pennsylvania**

v.

**Robert Karl MAXWELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Filed Sept. 26, 1979.

John P. Liekar, Assistant Public Defender, Canonsburg, for appellant.

Jess D. Costa, District Attorney, Washington, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

VAN der VOORT, Judge:

Appellant Robert Karl Maxwell pleaded guilty on December 10, 1974 to assault and battery, robbery, and impersonating a public servant (No. 469 of 1974), and to burglary and theft (No. 573 of 1974). Appellant was sentenced on No. 469 to pay $25 restitution and to serve a term of three years and eleven months to ten years imprisonment, and on No. 573 to serve an identical concurrent term of imprisonment. At the

same proceeding, appellant's probation was revoked on Nos. 295 and 308 of 1973 (armed robbery and arson), and he was sentenced to time served. Appellant was advised that he had a right to appeal and to have an attorney appointed if he could not afford one, but was not advised of any time limit for taking an appeal. Appellant filed no petition to withdraw his pleas and took no direct appeal, but on August 23, 1977 filed a petition under the Post Conviction Hearing Act. 19 P.S. § 1180–1 et seq. Hearing was held on the petition on November 25, 1977, and relief was denied by order dated December 2, 1977. Appeal was taken to our Court from the order dismissing the petition.

■ Appellant argues that his trial counsel was ineffective in several respects:

1) failing to locate a material witness;

2) advising appellant that a guilty plea would be less expensive for his parents than a jury trial;

3) failing to discuss with appellant trial strategy the consequences of a guilty plea, and various rights and possible defenses;

4) promising that appellant would be sent to Camp Hill if he pleaded guilty.

Appellant testified at the PCHA hearing, and had the opportunity to prove that he had been ineffectively represented by trial counsel. The PCHA court found that appellant failed to substantiate his claim with sufficient credible evidence. Having read the transcript of the PCHA hearing, we agree. We also note that during the guilty plea colloquy appellant was asked by the court if he was satisfied with his attorney's representation (appellant was represented by private counsel), and appellant indicated that he was satisfied.

■ Appellant argues that his guilty plea was involuntary for two reasons:

1) he was under the influence of the drug Thorazine at the time he entered the pleas; and

2) he was not advised on the record of the nature and elements of the charges against him.

The PCHA court heard testimony by appellant that he had been given Thorazine, a depressant, by two guards at the Washington County Jail on the morning before the guilty plea colloquy was conducted. The court also heard the testimony of Henry Witzeling, captain of guards at the jail, that Thorazine was not available to the guards to give to prisoners, but that appellant had been given penicillin and Tylenol the morning of the colloquy. The PCHA court chose to believe Captain Witzeling and disbelieve appellant. We uphold this finding of the PCHA court.

With respect to appellant's argument that he was not advised on the record of the nature and elements of the crimes with which he was charged, we remand. *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77, decided January 24, 1974, requires an on-the-record explanation to the defendant of the nature and elements of the offenses with which he is charged. Although such explanation does not appear in the record of the case before us, the transcript of the colloquy indicates that proceedings of some sort may have taken place prior to the time appellant signed the guilty plea form, and prior to the proceedings which were transcribed.[1] On remand, the lower court should determine if additional notes of testimony are available, and if available, whether they contain the requisite explanation. If that

1. The transcript referred to by the dissent as "Document No. 1" lists the charges against appellant, then states, "(Proceedings taken, but not transcribed)", followed by "(The defendant signed the guilty plea and stood before the bar with his counsel)", followed further by the notes of testimony. A reasonable interpretation of this is that something transpired (possibly an explanation of the nature and elements of the charges) before appellant signed the guilty plea. The transcript referred to by the dissent as "Document No. 2" reads: "(The defendant signed the guilty plea . . . )", followed by the notes of testimony. Although the dissent may be correct in assuming that the proceeding recorded in the second transcript is the untranscribed proceeding referred to in the first transcript, it is also quite possible that events transpired in the order indicated in the first transcript; that is, that an untranscribed proceeding took place, that the defendant signed the guilty plea, and that further proceedings took place. If the dissent is correct, and there is no on-the-record explanation of the nature and elements of the charges, then it will be a simple matter for the lower court to so find, and appellant should then be given a new trial on those charges.

determination is in the affirmative then the order of the court below is affirmed. If such determination is in the negative, i. e., if appellant was not advised on the record of the nature and elements of the charges to which he pleaded guilty, *Ingram* requires that the order of the court below be reversed, the sentences vacated and appellant given a new trial on Nos. 469 and 573 of 1974.

Remanded for further proceedings.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

The majority recognizes that for appellant's guilty pleas in Nos. 469 and 573 of 1974 to be valid the record must disclose that when he entered the pleas, the elements of the crimes charged were explained to him in understandable terms. *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). The majority further recognizes that such an explanation does not appear in the record transmitted to us on this appeal. Instead of holding that the guilty pleas were therefore invalid, and vacating the sentence and remanding for new trial, however, the majority remands for the lower court to determine whether there may be additional notes of testimony (which have not been transmitted to us), and if there are, whether those notes contain the requisite explanation. The majority explains this disposition by saying that the record as transmitted to us "indicates that proceedings of some sort may have taken place prior to the time appellant signed the guilty plea form, and prior to the proceedings which were transcribed." At 259.

I should not object to remanding for completion of the record if any reason existed to believe that the record as transmitted to us was incomplete. However, no such reason does exist. True, one document in the record [Document No. 1], which contains the sentencing order of the lower court, states cryptically, "Proceedings taken, but not transcribed." This statement, however, is explained by the document immediately following in the record [Document No. 2]. Document No. 2 contains both the transcript of the

colloquy preceding appellant's guilty pleas and the same sentencing order as is contained in Document No. 1. Furthermore, Document No. 2 shows that the lower court both accepted appellant's guilty pleas and sentenced him at a single hearing. Thus, when Documents Nos. 1 and 2 are read together, the statement on Document No. 1 becomes clear: The proceeding taken but *not* transcribed in Document No. 1 was the guilty plea colloquy that *was* transcribed, along with the sentencing order, in Document No. 2. Consequently, the present record itself clarifies any internal ambiguity.*

The judgments of sentence on Nos. 469 and 573 of 1974 should be vacated and as to these charges, the case should be remanded for a new trial.

---

* During the guilty plea colloquy, appellant's attorney stated that he had "discussed the case with [appellant] completely." However, nothing indicates that this discussion was other than private.

It may also be noted that neither party has asserted that the present record is incomplete in any respect.