418 A.2d 661

COMMONWEALTH of Pennsylvania

v.

James Robert DADE, Appellant.

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Feb. 1, 1980.

Timothy A. Crawford, Jr., Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, GATES and DOWLING, JJ.*

GATES, Judge:

Appellant was arrested and charged with the offenses of burglary and larceny. A preliminary hearing was held on December 8, 1972 at which time appellant was represented by counsel from the voluntary defender's office.

On February 6, 1973 the appellant tendered a guilty plea before Judge Calvin T. Wilson. At that time he was again represented by a public defender.

After the colloquy was completed, Judge Wilson accepted the guilty plea and deferred sentencing pending a presentence investigation and psychiatric report. On May 1, 1973,

---

* President Judge G. THOMAS GATES, of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING, of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

after considering these reports, appellant was placed on seven years probation.

After repeated violations, probation was revoked and a sentence of two to twenty years imposed on February 15, 1977.

Subsequently, appellant filed the instant petition under the Post Conviction Hearing Act which raises two issues. He first argues that he was denied effective assistance of trial counsel because of the insufficient time spent reviewing his case.

The length of time counsel consults with his client is but one factor determining whether the chosen course was reasonable. *Commonwealth v. Woody*, 440 Pa. 569, 271 A.2d 477 (1970). The record here, however, discloses that trial counsel had thoroughly reviewed the evidence produced at the preliminary hearing and concluded that an adjudication of guilt would be certain if the appellant pleaded not guilty. At the preliminary hearing appellant was represented by a public defender and the Commonwealth produced two police officers who literally caught appellant and two others red-handed. In addition they produced the owner of the building who testified that appellant did not have permission to enter the building and that it was an occupied structure.

Appellant also argues that trial counsel was ineffective for failing to assure his guilty plea was voluntary and understandingly entered and further that the plea did not meet the requirements of Pa.R.Crim.P. 319(a). In *Commonwealth v. Martin*, 258 Pa.Super. 412, 392 A.2d 860 (1978) it was held that the issue of the adequacy of the guilty plea colloquy is waived unless it is deemed attributable to the ineffectiveness of counsel which constitutes an extraordinary circumstance" and precludes waiver. *Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976). To determine whether counsel was ineffective we must first determine whether the issue which he failed to raise on direct appeal

had merit. In the instant case, a review of the record of the colloquy demonstrates that appellant's contentions lack merit and therefore there was no ineffectiveness of counsel.

At the guilty plea hearing on February 6, 1973 the District Attorney related a summary of the facts gleaned from the notes of the preliminary hearing which clearly constitute the offense charged. Appellant indicated at that hearing that he discussed the facts with his attorney and that he was satisfied with his representation of him. An extensive colloquy ensued during which it was established that appellant was twenty-seven years of age, had attended the 11th grade in school and never had been under psychiatric care. Appellant was advised of the charges against him, of his right to a jury trial, of the fact that the jury's verdict must be unanimous and that he did have a right to aid in the selection of the jury. He was told that the burden of proof beyond a reasonable doubt rests upon the Commonwealth and of his right to confront and cross-examine accusers. He was also told of his limited appellate rights in the event his guilty plea was accepted by the court. Appellant told Judge Wilson that he was satisfied with the representation he had received from the public defender.

Furthermore, for the reasons outlined above, the colloquy meets the standards set forth in *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968) as well as Pa.R.Crim.P. Rule 319(a). We note that appellant relies upon *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974) which was not decided until after this guilty plea. The requirements enunciated in *Ingram* are not to be applied retroactively to invalidate guilty pleas, such as this, which were entered before *Ingram* was decided. *Commonwealth v. Schork*, 230 Pa.Super. 411, 326 A.2d 878 (1974), affirmed in 467 Pa. 248, 356 A.2d 355. Additionally, the comments to Rule 319 which specifically articulate the areas of inquiry necessary before a guilty plea may be accepted were inserted in revised form after the *Ingram* decision.

Our independent review of the record convinces us that appellant had adequate representation.

Judgment affirmed.