439 A.2d 811

**COMMONWEALTH of Pennsylvania**

v.

**Clarence W. ALLEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 19, 1981.

Filed Jan. 8, 1982.

Vincent A. Couchara, Norristown, for appellant.

Joseph Smyth, District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, MONTEMURO and VAN der VOORT, JJ.

MONTEMURO, Judge:

This is an appeal from an Order denying relief under the Post Conviction Hearing Act, 19 P.S. 1180–1 *et seq.* Appel-

lant contends that trial counsel rendered ineffective assistance, because he failed to ensure that the elements of the offenses were explained to appellant when he pleaded guilty to charges of forgery, theft of services, and illegal use of credit cards. For these offenses appellant was sentenced to one and a half to five years' imprisonment, followed by five years' probation.

Appellant also contends that his guilty plea was induced unlawfully, because he did not understand the nature of the charges against him.

In *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), the Supreme Court made it an express requirement that "for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." *Id.*, 455 Pa. 203–04, 316 A.2d at 80. In other words, the explanation of the charges must itself be on the record. *E.g., Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259, 261, (1976); *Commonwealth v. Allen*, 278 Pa.Super. 511, 420 A.2d 653, 655 (1980).

Appellant's guilty plea colloquy took place on May 1, 1975 and was conducted by trial counsel. When asked if counsel had explained to him "the nature of the charges and discussed the facts of the case, and what the possible defenses might be," appellant answered, "Yes." (N.T. pg. 32). This is the only segment of the examination which focused on appellant's understanding of the charges. There followed some discussion about which of the charges appellant should plead to and which should be nolle prossed. The record is barren, however, of any explanation of the elements of the charges.

Applying the *Ingram* standard to the record in this case, we conclude that the colloquy suffers from a defect which vitiates appellant's guilty plea.

We are reluctant to release someone who has pleaded guilty and received the sentence he bargained for, when he exploits a formality of due process which has nothing to do

with his guilt or innocence. The record of the P.C.H.A. hearing suggests that appellant only attacked his conviction, because he was charged with violation of probation. The hearing court took notice that appellant had previously pleaded guilty to twenty indictments for forgery. All of which tends to confirm appellant's statement in the colloquy that he did "thoroughly" understand what was going on. (N.T., pg. 43). After a lapse of six years the Commonwealth will find it difficult or perhaps impossible to prosecute him a second time. Nevertheless, we are forced to grant appellant the relief he has requested. Our only satisfaction lies in knowing how necessary it is to surround the waiver of constitutional rights with elaborate safeguards.

The Order below is accordingly reversed, and a new trial is granted.

VAN der VOORT, J., dissents.