J-S32032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN E. SKOPINSKI, | |
| Appellant | No. 2773 EDA 2015 |

Appeal from the PCRA Order August 17, 2015
in the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0004861-2009

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 01, 2016**

Appellant, John E. Skopinski, appeals from the order entered August 17, 2015, which denied and dismissed, following a hearing, his first, counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  On appeal, Appellant claims he received ineffective assistance of plea counsel.  We affirm.

We take the underlying facts and procedural history in this matter from the PCRA court's August 17, 2015 opinion and our independent review of the certified record.

The facts underlying Appellant's conviction stem from his sexual abuse of his stepdaughter beginning when she was twelve and ending when she

_____

[*] Retired Senior Judge assigned to the Superior Court.

was approximately fourteen and one-half. (***See*** Affidavit of Probable Cause, 4/30/09, at unnumbered pages 1-2). During this time, Appellant would order the victim to masturbate him, engage in oral sex with her, and ultimately have vaginal intercourse with her. (***See id.***).

On November 15, 2009, the Commonwealth filed a criminal information charging Appellant with two counts of involuntary deviate sexual intercourse (IDSI), one count of unlawful contact with a minor, two counts of sexual assault, two counts of statutory sexual assault, one count of endangering the welfare of a child (EWOC), one count of indecent assault, one count of possession of an instrument of crime (PIC), and one count of corruption of minors.[1] On November 16, 2009, Appellant entered an open guilty plea to two counts of IDSI, unlawful contact with a minor, two counts of statutory sexual assault, EWOC, indecent assault, PIC, and corruption of minors. At Appellant's request, the trial court incorporated the affidavit of probable cause to serve as the factual basis of the plea and did not read any of the facts or charges in open court because of the presence of other prisoners and Appellant's fear of persecution. (***See*** N.T. Plea Hearing, 11/16/09, at 10-11).

There was a lengthy delay between entry of Appellant's plea and sentencing because of the need for a sexually violent predator (SVP) inquiry

_____

[1] 18 Pa.C.S.A. §§ 3123(a)(6), 6318(a)(1), 3124.1, 3122.1, 4304(a), 3126(a)(7), 907(a), and 6301(a)(1), respectively.

and an assessment by the Sexual Offenders' Assessment Board (SOAB).  On January 30, 2010, the SOAB recommended that the trial court designate Appellant a SVP.  The sentencing hearing was again scheduled and continued several times.

On October 26, 2010, Appellant filed a motion to withdraw his guilty plea.  On January 25, 2011, Appellant filed an amended motion to withdraw his guilty plea.  The trial court held a hearing on Appellant's motion on March 23, 2011.  At the hearing, the trial court heard extensive testimony about Appellant's decision to plead guilty and the circumstances under which he requested that the trial court keep the charges and facts underlying his plea private.  (*See* N.T. Plea Withdrawal Hearing, 3/23/11, at 12-53).  The trial court denied the motion on April 18, 2011.

On May 4, 2011, the trial court sentenced Appellant to an aggregate term of incarceration of not less than twenty-five nor more than fifty years.  (*See* N.T. Sentencing, 5/04/11, at 53-55).  The trial court also designated Appellant a SVP.  (*See id.* at 25).  On May 16, 2011, Appellant filed a motion for reconsideration.  The trial court held a hearing on the motion on August 1, 2011, and denied the motion that same day.  On August 25, 2011, Appellant filed a notice of appeal to this Court.  On October 19, 2012, this Court affirmed the judgment of sentence.  (*See Commonwealth v. Skopinski*, 62 A.3d 459 (Pa. Super. 2012) (unpublished memorandum)).

On June 27, 2013, the Pennsylvania Supreme Court denied leave to appeal. (*See Commonwealth v. Skopinski*, 70 A.3d 810 (Pa. 2013)).

On June 18, 2014, Appellant, acting *pro se*, filed a timely PCRA petition. On July 2, 2014, the PCRA court appointed counsel to represent Appellant. On November 18, 2014, PCRA counsel filed a motion seeking leave to amend Appellant's PCRA petition. The PCRA court did not act on the motion. On January 7, 2015, counsel filed a motion seeking leave to file a second[2] amended PCRA petition. Again, the PCRA court did not act on the motion.

On January 9, 2015, an evidentiary hearing began. At the hearing, Appellant withdrew his challenge to the legality of his sentence. (*See* N.T. PCRA Hearing, 1/09/15, at 9, 25). In addition, the parties incorporated the discovery and notes of testimony from previous hearings in the case. (*See id.* at 25-29). The hearing continued on July 16, 2015, with the testimony of Michael Lacson, Esquire, who represented Appellant at the trial level. The PCRA court summarized his testimony thusly,

> [Attorney Lacson] was specifically assigned to [Appellant's] case on May 11, 2009 after [Appellant's] arrest. [Attorney] Lacson reviewed the copy of the [c]riminal [c]omplaint and affidavit of [p]robable [c]ause with [Appellant] prior to the [p]reliminary [h]earing, including the elements of the crimes charged, what the Commonwealth would have to prove at the district court level, what a [p]reliminary [h]earing was, *etc.* At the

---

[2] The motion is mistakenly titled "Fourth Motion to Amend [Appellant's] PCRA Petition."

[p]reliminary [h]earing, the victim testified and, although [r]ape of a [c]hild was withdrawn, all remaining charges were held for trial in the Court of Common Pleas. [Attorney] Lacson discussed the remaining charges following the [p]reliminary [h]earing and he testified that [Appellant] did not have difficulty understanding.

[Attorney] Lacson recalled that on two [] separate occasions he received discovery from the Commonwealth which he reviewed, made a copy of this discoverable material in addition to the [n]otes of [t]estimony from the [p]reliminary [h]earing, and provided it for [Appellant's] review. Again, [Attorney] Lacson explained that he discussed all of the elements of the charges and spoke to [Appellant] at length about his case and, additionally, he broke down what type of conduct was encompassed by the crimes charged.

[Attorney] Lacson prepared this case for trial, as no negotiation was offered by the Commonwealth. During this time, [Attorney] Lacson met with [Appellant] approximately five [] or six [] times to discuss trial strategy and prepare the case for trial. In full disclosure, [Attorney] Lacson discussed with [Appellant] the likelihood of a conviction if he proceeded to a trial and, regardless, [Appellant] was steadfast in his desire for a trial. However, in early November of 2009, [Appellant] admitted to [Attorney] Lacson that "the truth will come out" and he indicated his intent to enter a guilty plea. He told [Attorney] Lacson that "it happened" and "was consensual" and he intimated his concern that the victim had "come onto him" and that no force or threats of force were made. [Attorney] Lacson explained to [Appellant] that the charges were age-based and did not contain a force element. In terms of sentencing, [Attorney] Lacson indicated that two [] of the crimes [Appellant] pled guilty to (Count I & 2-IDSI) carried a mandatory five [] to ten [] year sentence, and finally, [Attorney] Lacson indicated to [Appellant] that it was his prediction, and not his guarantee, that he would get closer to a five [] to ten [] year sentence.

Once his SOAB assessment was returned, [Appellant] indicated he did not want to withdraw his guilty plea. Instead, [Attorney] Lacson secured an expert for the SVP hearing. [Appellant] had in his possession a copy of the SOAB report during this entire time. He was unhappy with the SVP designation because he claimed that there was no force or

violence involved in his sexual assault of the victim in this case. However, [Attorney] Lacson attempted to explain that the designation did not solely encompass individuals who used violence to perpetrate their assaults.

[Attorney] Lacson went on vacation in July . . . . During this time, following a review of the elements of the offenses, the facts alleged in this case and the SOAB report, [Appellant] made no effort to file or to have his counsel file a [m]otion to [w]ithdraw [g]uilty [p]lea.

[Appellant] eventually discussed withdrawing his [g]uilty [p]lea with [Attorney] Lacson. [Attorney] Lacson testified that he did not believe a motion to withdraw to have merit because [Appellant's] basis to withdraw the guilty plea, that he did not agree he used force in the commission of the crimes for which he was convicted or that he was properly classified by law as an SVP, did not hold merit. [Attorney] Lacson included [Appellant's] new-found assertion of innocence in an amended [m]otion to [w]ithdraw, which was filed on January 15, 2011. [Attorney] Lacson testified that by agreement with the District Attorney and the understanding of the [c]ourt, based on the nature of the crime and other people being present in the courtroom, leave was requested again to incorporate the affidavit of [p]robable [c]ause as the factual basis for the plea. [Attorney] Lacson brought both his concern and [Appellant's] concern for his own safety and protection from future inmates at the state level to the attention of the [c]ourt. He testified that [Appellant] was in full agreement and was happy that this [c]ourt granted his request. He did not ask that the courtroom be cleared. His intention in incorporating the affidavit was based on conversations with [Appellant] and his own personal knowledge that once inmates convicted of sexual offenses on children are moved and placed into the general population they are oftentimes abused in [prisons]. [Attorney] Lacson did not raise a defective plea colloquy in this [m]otion, as it was his testimony that it was [Appellant's] request to incorporate the [p]robable [c]ause [a]ffidavit.

In addition to [Attorney] Lacson's testimony concerning the factual basis for the plea, in his initial *pro se* PCRA [p]etition, [Appellant] indicated, verbatim, as follows:

> Before going to court, counsel told me he would talk to the judge to ask if the judge, in open court, would not discuss nor mention the facts of the crime [Appellant] was pleading to; counsel stated that he would request it but it was only a request and the judge did not have to honor it.
>
> Back at the prison, I learned from other inmates that this was not possible, and that I would be required to acknowledge the facts of the crime in order for the court to accept the guilty plea.

"Motion for Post Conviction Collateral Relief," 6/18/14, Att. Exh. p. 1.

> At the conclusion of the July 16, 2015 video hearing, [Appellant] indicated it was his intention to testify and, as a result, the hearing had to be continued.
>
> We resumed with [Appellant's] evidentiary hearing on August 13, 2015. However, [Appellant] indicated it was no longer his desire to testify and the defense rested. Additionally, the Commonwealth rested based on their previous motions, answers and briefs filed regarding this PCRA litigation.

(PCRA Court Opinion, 8/17/15, at 8-11).

On August 17, 2015, the PCRA court denied Appellant's PCRA petition, specifically finding trial counsel's testimony "extraordinarily specific, credible and detailed based . . . [the PCRA court] accepts [Attorney] Lacson's testimony without reservation and we do not accept the testimony of [Appellant.]." (*Id.* at 12).

The instant, timely appeal followed. On October 5, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b)

statement. The PCRA court does not appear to have issued an additional opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.[3]

1. Did the [PCRA] court's failure to explicitly allow amendment of [Appellant's] PCRA petition foreclose appellate consideration of the issues raised in the amended petition, even though those issues were those that were litigated in the PCRA proceeding?

2. Did [Appellant] receive ineffective assistance of counsel when counsel, filing a motion to withdraw guilty plea at [Appellant's] request, failed to raise the issue of the inadequacy of the guilty plea colloquy?

(Appellant's Brief, at 3).

Appellant appeals from the denial of his first PCRA petition. It is long settled that "[o]ur standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citations omitted). "The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Duffey*, 889 A.2d 56, 61 (Pa. 2005) (citation omitted). Further, to be eligible for relief pursuant to the PCRA,

_____

[3] For ease of disposition, we have reordered the issues in Appellant's brief.

Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in Section 9543(a)(2). **See** 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

In the first claim, Appellant argues that the PCRA court erred in not granting him leave to amend his original, *pro se* PCRA petition, thus precluding appellate review of the claims raised in the amended petitions. (**See** Appellant's Brief, at 32-33). We disagree.

It is long-settled that a PCRA petitioner must seek leave of court to amend a PCRA petition, and claims raised in an unauthorized amended petition are waived. **See Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015); **see also** Pa.R.Crim.P. 905(A). Here, as noted above, Appellant did seek leave to file the amended and second amended PCRA petitions; however, the PCRA court did not sign the orders. Nonetheless, it is clear from the record that the PCRA court allowed the amendments because the parties thoroughly litigated the issues raised therein at the PCRA hearing. (**See generally** N.T. PCRA Hearing, 1/09/15, at 2-29; N.T. PCRA Hearing, 7/16/15, at 3-69). In its opinion and order denying relief, the PCRA court

specifically stated that it considered and was addressing the issues raised in the second amended PCRA petition. (*See* PCRA Ct. Op., at 11). Thus, we conclude that, because the PCRA court implicitly allowed the amendments, and explicitly considered them, there is no basis for us to find an abuse of discretion or waiver. *See Commonwealth v. Roney*, 79 A.3d 595, 616 (Pa. 2013), *cert. denied*, 135 S.Ct. 56 (2014) (finding waiver because PCRA court "did not implicitly or explicitly accept" appellant's amended filing).

In the second issue, Appellant claims he received ineffective assistance of plea counsel because counsel failed to seek withdrawal of Appellant's guilty plea on the basis that the plea colloquy was defective. (*See* Appellant's Brief, at 16-32). We disagree.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted).

We presume that counsel is effective, and Appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002). An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds, Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Jones*, *supra* at 611. Where, as here, Appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Rathfon*, *supra* at 370 (citation omitted). Here, Appellant has not shown that there is arguable merit to his claim that the plea colloquy was defective.

We have held that where the record clearly shows that the court conducted a thorough guilty plea colloquy and that the defendant

understood his rights and the nature of the charges against him, the plea is voluntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. *See id.* At a minimum, the trial court must inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offense charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. *See* Pa.R.Crim.P. 590, Comment. Moreover, the examination may consist of both a written colloquy that the defendant read, completed, and signed, and made a part of the record; and an on-the-record oral examination. *See id.*

Appellant contends that the plea colloquy in the instant matter did not comply with Pa.R.A.P. 590 because the trial court did not delineate the individual charges or discuss the factual basis underlying the plea. (*See* Appellant's Brief, at 16-26). Appellant relies on **Commonwealth v. Ingram**, 316 A.2d 77 (Pa. 1974), in support of this proposition. (*See* Appellant's Brief, at 20-26). However, **Ingram's** holding that a defective plea colloquy alone is grounds for withdrawal of a guilty plea, **see Ingram**, **supra** at 80-81, is no longer an accurate statement of the law. Rather, we look to the totality of the circumstances surrounding the plea to determine whether a guilty plea was voluntary, knowing, and intelligent. **See Commonwealth v. Allen**, 732 A.2d 582, 588-89 (Pa. 1999); **see also Commonwealth v. Schultz**, 477 A.2d 1328, 1330 (Pa. 1984) (noting that **Commonwealth v. Shaffer**, 446 A.2d 591 (Pa. 1982), abrogated "*per se* approach" of **Ingram** and reaffirming that proper test is totality of circumstances surrounding plea). Thus, we find Appellant's reliance on **Ingram** to be misplaced.[4]

_____

[4] Appellant's reliance on the Pennsylvania Supreme Court's decision in **Commonwealth v. Flanagan**, 854 A.2d 489 (Pa. 2004) is equally misplaced. **Flanagan** is factually distinct, as, in that matter, the combination of misstatements of law by the trial court and the failure to put the underlying facts on the record, in a case involving co-defendants with widely differing accounts of the incident in question, induced an involuntary guilty plea to murder generally. **See Flanagan**, **supra** at 490-95. Further, in **Flanagan**, unlike in the instant matter, the Post Conviction Hearing Act (PCHA) court did not credit plea counsel's testimony at the PCHA hearing but
*(Footnote Continued Next Page)*

In the instant matter, the record demonstrates that, in the totality of the circumstances, Appellant's guilty plea was voluntary, knowing and intelligent. Appellant admits that it was his decision, and his decision alone to plead guilty. (*See* N.T. Plea Withdrawal Hearing, 3/23/11, at 16, 21, 27; *see also* N.T. PCRA Hearing, 7/16/15, at 39). He acknowledged at the plea colloquy that he understood that he was giving up his right to trial by jury or by the court sitting as the finder of fact; giving up his right to file pre-trial motions; and understood the sentencing ranges. (*See* N.T. Plea Hearing, 11/16/09, at 5-7). He stated that he was not forced or threatened. (*See*

*(Footnote Continued)* ───────────────

did credit that of the appellant's witnesses. *See id.* at 497. Lastly, in affirming the grant of PCHA relief, our Supreme Court acknowledged:

> Although this Court has stressed its strong preference for a dialogue in colloquies with meaningful participation by the defendant throughout, there is no set manner, and no fixed terms, by which factual basis must be adduced. Moreover, while the Court has admonished that a complete failure to inquire into any one of the six, mandatory subjects generally requires reversal. . . as both parties acknowledge, in determining the availability of a remedy in the event of a deficient colloquy, it has in more recent cases moved to a more general assessment of the knowing, voluntary, and intelligent character of the plea, considered on the totality of the circumstances.

*Id.* at 500-01 (citations omitted). Thus, in affirming the grant of PCHA relief, the Supreme Court specifically discussed the "centrality" of the trial court's erroneous definition of accomplice liability in taking the plea, and the interrelationship between the failure to elucidate the facts on the record and that error because of the differences between the two defendants' statements and their level of culpability in the criminal activities. *See id.* at 503-04.

- 14 -

*id.* at 7-8). Appellant agreed that he understood that he could be sentenced to consecutive sentences and would have limited appellate rights. (*See id.* at 8-9). Appellant never objected at the plea colloquy to the omission of the readings of the charges and underlying facts. (*See id.* at 10-11).

At the PCRA hearing, plea counsel testified that, in the months preceding entry of the guilty plea, he had gone over the individual charges and the facts underlying those charges with Appellant and he understood both the charges and the underlying facts. (*See* N.T. PCRA Hearing, 7/16/15, at 31-36, 38, 41-44, 52, 58, 63-64). Counsel also testified that Appellant did not want to have the charges and the underlying facts read in open court because of safety concerns. (*See id.* at 22-26, 28, 44-46, 51, 61). Further, he stated that Appellant admitted that he was guilty of the charges. (*See id.* at 40, 63-64). The PCRA court credited this testimony. (*See* PCRA Ct. Op., at 12).

Our Supreme Court has stated that, "A PCRA court's credibility findings are to be accorded great deference. Indeed, where the record supports the PCRA court's credibility determinations, such determinations are binding on a reviewing court." *Commonwealth v. Dennis*, 17 A.3d 297, 305 (Pa. 2011) (citations omitted). As discussed above, the record plainly supports the PCRA court's credibility determination.

Moreover, the statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa.

Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted).

Here, Appellant has not shown that, in the totality of the circumstances, the alleged defects in the plea colloquy, which occurred because of his request that the charges and underlying facts not be read aloud, rendered the guilty plea involuntary. Thus, there was no reason for plea counsel to file a motion to withdraw on that basis. We will not fault plea counsel for failing to raise an unmeritorious claim in his motion. *See Commonwealth v. Reid*, 99 A.3d 470, 490-91 (Pa. 2014) (declining to fault counsel for failing to raise unmeritorious issue). Thus, his claim of ineffective assistance of plea counsel lacks merit. *See Jones*, *supra* at 611.

Accordingly, for the reasons discussed above we find that the PCRA court's determination is supported by the evidence of record and is free of legal error. *See Ousley*, *supra* at 1242. Therefore, we affirm the denial of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2016