J-S57037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANDRE RAYMELLE WATLEY, | : | |
| | : | |
| Appellant | : | No. 645 EDA 2017 |

Appeal from the PCRA Order January 27, 2017
in the Court of Common Pleas of Northampton County,
Criminal Division, No(s):  CP-48-CR-0001039-2014

BEFORE:  PANELLA, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:  **FILED NOVEMBER 14, 2017**

Andre Raymelle Watley ("Watley"), *pro se*, appeals from the Order denying his first Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its Opinion, the PCRA court set forth the relevant factual and procedural history underlying the instant appeal, which we adopt as though fully restated herein.  **See** PCRA Court Opinion, 4/18/17, at 1-6.

In his appellate brief, Watley presents 23 claims for our review:

> 1.     [Whether] [Attorney] Alexander Karam['s] (PCRA counsel) **Finley**[2] Letter was insufficient as a matter of law when PCRA [c]ounsel failed to (1) detail the nature and extent of his review; (2) list each issue [that Watley] wished to have reviewed; [and] (3) explain in the No[-]Merit Letter why [Watley's] issues are meritless, in relation to *Pro Se* Issues[?]

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2.     [Whether the PCRA court] erred in concurring with and accepting [PCRA counsel's] defective ***Finley*** Letter, allowing [PCRA counsel] to withdraw[?]

3.     [Whether PCRA counsel] was [c]onstitutionally ineffective for failing to present [a] "Sworn Affidavit" made by eye-witness "George J. Groller" [("Groller"),] which [PCRA counsel] failed to submit[,] that raised a question of assurance to [Watley's] actual innocence at [the] evidentiary hearing [on] October 25th, 2016[?]

4.     [Whether PCRA counsel] was [c]onstitutionally ineffective for failing to request a continuance to present eye-witness [] Groller to testify[?]

5.     [Whether PCRA counsel] was [c]onstitutionally ineffective for failing to submit/forward [Watley's] *Pro Se* PCRA Petition[,] filed on December 12th, 2016, claiming [that PCRA counsel] was ineffective for abandoning to present [*sic*] "Sworn Affidavit" and [the] Commonwealth['s] failure to turn over favorable exculpatory information in [Watley's] favor[?]

6.     [Whether] [t]he Commonwealth's prosecution team (*i.e.*[,] the police) used third[-]party hearsay information from [Trooper] Michael Acevedo [("Trooper Avecedo")] to implicate [Watley] in the incident[?]

7.     [Whether] [t]he Commonwealth violated [Watley's] [c]onstitutional [r]ights to [d]ue [p]rocess by withholding exculpatory information favorable to [Watley]?

8.     [Whether] [t]he Commonwealth's team (*i.e.*[,] the police) violated [Watley's] [c]onstitutional right[] to [d]ue [p]rocess and [Pa.R.Crim.P.] 573 (Right to Discovery & Inspection)[?]

9.     [Whether PCRA counsel] was [c]onstitutionally ineffective for failing to obtain exculpatory information that [the] Commonwealth's prosecution team (*i.e.*[,] police) withheld from [d]iscovery and [i]nspection that [Watley] requested[,] and requested [PCRA counsel] to retrieve by subpoena[?]

10.     [Whether PCRA counsel] was [c]onstitutionally ineffective for failing to assert that [plea counsel was] ineffective for

violating [Watley's] [d]ue [p]rocess [r]ights for fil[l]ing out [Watley's] guilty plea colloquy, failing to provide [Watley] with legal right [*sic*] to read and understand [the] plea[?]

11. [Whether plea counsel] was [c]onstitutionally ineffective for violating [Watley's] [d]ue [p]rocess [r]ights by filling out [the] written plea colloquy[?]

12. [Whether plea counsel] was [c]onstitutionally ineffective for wrongly inducing [Watley] to plead guilty?

13. [Whether PCRA counsel] was [c]onstitutionally ineffective for failing to assert that [plea counsel was] ineffective for failing to appeal [Watley's] sentence that the on[-]the [-]record colloquy was insufficient to support [the] written colloquy as a matter of [Pa.R.Crim.P.] 590[?]

14. [Whether plea counsel] was [c]onstitutionally ineffective for failing to appeal [Watley's] sentence on direct appeal as requested[?]

15. [Whether plea counsel] was [c]onstitutionally ineffective for failing to file omnibus pre-trial motions to challenge/suppress: (1) the [s]tatute of limitations; (2) [Pa.R.Crim.P.] 600 (180 days); (3) [s]uggestive [i]dentification; (4) [s]ubpoena [e]xculaptory [i]information; [and] (5) [s]uppression of [e]vidence[?]

16. [Whether] [t]he Commonwealth allowed fraud upon the court [by] accepting [plea counsel's] forging [of Watley's] signature on [the] Rule 600 waiver[?]

17. [Whether] [t]he Commonwealth had no jurisdiction to try [Watley] since the [s]tatute of [l]imitation[s] had passed[?]

18. [Whether] [t]he Commonwealth's team (*i.e.*[,] the police) violated [Watley's] [c]onstitutional rights to [d]ue [p]rocess of [l]aw [by] delaying to inform [him of the] tolling provision having passed for the statute of limitations[?]

19. [Whether] [t]he Commonwealth's prosecution team (*i.e.*[,] the police) conducted [a] suggestive identification of [Watley]?

20. [Whether plea counsel] was [c]onstitutionally ineffective for failing to investigate [the] case[?]

21. [Whether plea counsel] was [c]onstitutionally ineffective for failing to meet with [Watley] to consult over [the] case and prepare [the] defense[?]

22. [Whether plea counsel] was [c]onstitutionally ineffective for failing to interview [Watley's] alibi witnesses[?]

23. [Whether PCRA counsel] was [c]onstitutionally ineffective for failing to preserve [Watley's] issues[?]

Brief for Appellant at 4-6 (issues renumbered for ease of disposition, footnote added, some emphasis and capitalization omitted).

We will address Watley's first and second issues together. First, Watley claims that the PCRA court improperly granted PCRA counsel permission to withdraw, where PCRA counsel's *Finley* letter failed to (a) detail the nature and extent of his review, (b) list each issue Watley wished to have reviewed, and (c) set forth why Watley's *pro se* issues lack merit. *Id.* at 16. Watley argues that PCRA counsel's No-Merit Letter was deficient because it failed to include Watley's claim of a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Brief for Appellant at 16. Watley further disputes his PCRA counsel's assertion that his guilty plea was knowing and voluntary, because Watley had been "forbidden" to read the plea colloquy, initial each page, and did not fill out the written plea colloquy. *Id.* Watley also challenges his PCRA counsel's calculations regarding his Pa.R.Crim.P. 600 claim, as well as counsel's conclusion that a statute of limitations challenge lacked merit. *Id.* at 16-17.

In his second claim, Watley argues that PCRA counsel's *Finley* letter was defective and therefore, the PCRA court erred in permitting counsel to withdraw. *Id.* at 17. Watley argues that the PCRA court further erred in not appointing new counsel to represent him, following his claim of PCRA counsel's ineffectiveness. *Id.* In support, Watley challenges PCRA counsel's conclusion that the claim of a *Brady* violation was waived, and that Watley's Rule 600 claim lacks merit. *Id.*

In its Opinion, the PCRA court addressed these first two issues and concluded that they lack merit. *See* PCRA Court Opinion, 4/18/17, at 6-7 (regarding PCRA counsel's compliance with *Finley*), 11-12 (pertaining to Watley's statute of limitations claim), 12 (pertaining to Watley's *Brady* claim). We agree with the reasoning of the PCRA court, as set forth in its Opinion, and affirm on this basis with regard to Watley's first two claims.[3] *See id.*; *see also Commonwealth v. Barbaro*, 94 A.3d 389, 391 n.2 (Pa. Super. 2014) (concluding that the appellant's guilty plea waived any claim of error pursuant to Rule 600).

Watley's third, fourth and fifth claims pertain to an affidavit signed by Groller. In his third claim, Watley argues that his PCRA counsel rendered ineffective assistance by failing to present newly discovered evidence, *i.e.*, the affidavit of Groller. Brief for Appellant at 21. In this affidavit, Groller

---

[3] We will address Watley's challenges related to his written plea colloquy in more detail, *infra*.

- 5 -

stated that he had witnessed two men enter the victim's home, but did not see Watley enter the home. *See* PCRA Court Opinion, 4/18/17, at 17-18. In his fourth claim, Watley argues that his PCRA counsel rendered ineffective assistance by not requesting a continuance so that the testimony of Groller could be presented. Brief for Appellant at 24. Watley also argues that his PCRA counsel abandoned him, and was ineffective for not presenting Groller's affidavit. *Id.* at 25. According to Watley, he should have been afforded new counsel upon PCRA counsel's "abandonment." *Id.* at 25-26.

Our review of the record discloses that Watley failed to present his claims regarding the Groller affidavit in his *pro se* PCRA Petition, his amended PCRA Petition, or in his Reply to PCRA counsel's *Finley* letter. Rather, Watley raised the Groller affidavit, for the first time, in his Concise Statement of matters complained of on appeal. *See* Statement of Matters, ¶¶ 3-5. Accordingly, these claims are waived. *See Commonwealth v. Rose*, 2017 Pa. Super. LEXIS 756, *12 (deeming an issue waived where the specific objection was not raised for the first time until it was included in the appellant's Pa.R.A.P. 1925(b) statement).[4]

In his sixth claim of error, Watley asserts that the Commonwealth improperly used third-party hearsay information to implicate him in the crimes. Brief for Appellant at 44. In support, Watley asserts that the police

---

[4] Even if Watley had preserved his third, fourth and fifth claims, we would conclude that they lack merit, for the reasons stated in the PCRA court's Opinion. *See* PCRA Court Opinion, 4/18/17, at 15-18.

used "hearsay" statements from Randy Hayward ("Hayward"), from a separate incident, to implicate Watley in the instant case. *Id.* Watley contends that when the police detective investigating his case received this information, he improperly took no further action to interview Hayward, or to obtain a written statement from him. *Id.* Watley also contends that Hayward's photograph was never presented to the victim for review. *Id.* at 45. Watley claims that the photograph of him, used for identification by police, should have been excluded as "fruits of the poisonous tree." *Id.*

It appears that Watley challenges the investigation conducted by the police. This claim is not cognizable under the PCRA.[5] *See* 42 Pa.C.S.A. § 9543(a)(2)(i)-(vii) (setting forth the cognizable claims under the PCRA). Consequently, we discern no error or abuse of discretion by the PCRA court in denying Watley relief.

In his seventh, eighth and ninth claims, Watley directs our attention to a report made by the victim to Lehigh County Prison authorities. Watley argues that his plea counsel rendered ineffective assistance by failing to obtain this report. Brief for Appellant at 26-27. According to Watley, the victim reported to prison authorities that two of his attackers were being housed in the Lehigh County Prison unit. *Id.* at 27. Watley states that he

---

[5] Further, "upon entry of a guilty plea, a petitioner waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Pitts*, 981 A.2d 875, 886 (Pa. 2009) (citation omitted).

was not incarcerated at the time, "nor did [the victim] know of [] Watley['s] identity." *Id.* Watley asserts that this report would have shown that he was mistakenly identified by the victim. *Id.* Watley asserts that his PCRA counsel rendered ineffective assistance by not raising this claim or addressing it in his *Finley* letter. *Id.* at 26. In addition, Watley asserts that the Commonwealth's failure to produce this evidence violated the United States Supreme Court's holding in *Brady*. *Id.* at 32-33.

> In its Opinion, the PCRA court deemed the underlying claim waived:
>
> [Watley] waived this claim by failing to raise it on direct appeal. [42 Pa.C.S.A.] § 9544(b); (*see also* N.T., 10/25/[]16, at 30[] (Guilty Plea Counsel noting that [Watley] did not ask him to file an appeal), [Exhibit] CW5 (letter from Guilty Plea Counsel indicating his willingness to file an appeal if requested by [Watley]).)….

PCRA Court Opinion, 4/18/17, at 12. We agree with and adopt the sound reasoning of the PCRA court, as set forth above.[6] *See id.* We additionally note the following.

By entering a guilty plea, Watley waived all non-jurisdictional defects and defenses, including a claim that the Commonwealth had failed to comply with the rules of discovery. *See Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) (stating that a plea of guilty waives all non-jurisdictional

---

[6] We additionally note that Watley did not claim PCRA counsel's ineffectiveness, in this regard, in his *pro se* PCRA Petition, his Amended Petition, or in his Reply to the *Finley* letter. Thus, it is waived on this basis as well. *See Rose*, 2017 Pa. Super. LEXIS 756, at *12 (deeming an issue waived where the specific objection was not raised for the first time until it was included in the appellant's Pa.R.A.P. 1925(b) statement).

defects and defenses). Accordingly, Watley is not entitled to relief on this basis. *See id.*

In his tenth, eleventh, twelfth and thirteenth claims, Watley asserts ineffectiveness assistance of counsel related to his guilty plea. In his tenth claim, Watley argues that PCRA counsel rendered ineffective assistance by failing to assert that plea counsel violated his due process rights by filling out the written plea colloquy for Watley. *Id.* at 19. Watley argues that as a result, plea counsel deprived Watley of the opportunity to read and understand the plea and his rights. *Id.* Watley also includes a claim that plea counsel rendered ineffective assistance by not investigating his claim or meeting with Watley as requested. *Id.* According to Watley, plea counsel's failure to meet with him resulted in counsel being unaware that Watley wished to withdraw his plea. *Id.*

In his eleventh claim, Watley again asserts that his plea counsel violated his due process rights by reading the written plea colloquy to him, and not allowing him to have access to it. *Id.* In his twelfth claim, Watley asserts that his plea counsel wrongly induced him to plead guilty. *Id.* at 27-28. Watley argues that counsel told Watley that he had no chance to win at trial, and if he went to trial, the judge would impose consecutive sentences. *Id.* at 28. Watley asserts that his plea counsel thus forced him to plead guilty, and ignored his assertions of innocence. *Id.*

In his thirteenth claim, Watley argues that his PCRA counsel rendered ineffective assistance by not alleging plea counsel's ineffectiveness for not challenging the on-the-record plea colloquy. *Id.* at 20. Watley asserts that plea counsel rendered ineffective assistance by not filing a direct appeal claiming that the on-the-record colloquy "was insufficient to support [the] written colloquy as a matter of [Pa.R.Crim.P.] 590." Brief for Appellant at 20.

In its Opinion, the PCRA court addressed Watley's arguments based upon plea counsel's failure to meet with him and investigate the case, and concluded that these arguments lack merit. *See* PCRA Court Opinion, 4/18/17, at 8-11. We agree with the sound reasoning of the PCRA court, as set forth in its Opinion, and affirm on this basis as to this claim. *See id.*

Our review further discloses that, in his Pa.R.A.P. 1925(b) Concise Statement, Watley raised no claim that he had been forbidden to read, fill out or initial his guilty plea colloquy. Accordingly, these related claims are waived. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (recognizing that the failure to raise claims in a court-ordered Pa.R.A.P. 1925(b) statement will result in waiver of those claims on appeal).

Regarding Watley's claim of ineffective assistance by PCRA counsel for failing to allege plea counsel's ineffectiveness, we note the following. To be eligible for relief based on a claim of ineffective assistance of counsel, the petitioner must demonstrate, by a preponderance of the evidence, that (1)

- 10 -

the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. ***Commonwealth v. Steele***, 961 A.2d 786, 796 (Pa. 2008).

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (internal citation omitted). "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." ***Commonwealth v. Reid***, 117 A.3d 777, 783 (Pa. Super. 2015) (citation omitted).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005); Pa.R.Crim.P. 590, Comment.

During the plea colloquy, the trial court informed Watley of the charges against him, ***see*** N.T., 7/1/15, at 2-3; the factual bases for the plea, ***see id.*** at 8-10; his right to a jury trial, ***see id.*** at 3-4; the presumption of innocence, ***see id.*** at 3; the sentencing ranges, ***see id.*** at 4-

6; and the court's power to deviate from any recommended sentences, *see id.* at 8. When the trial court asked Watley whether he had filled out the written plea colloquy form, Watley responded in the affirmative.[7] *See id.* at 6-7. Watley also informed the court that he fully understood his rights, as set forth in the written colloquy, and was satisfied with his plea counsel's advice to him. *Id.* at 7. Watley admitted to the facts underlying the charges against him. *Id.* at 8-10.

Thus, the record establishes that Watley tendered a knowing, intelligent plea, and that there is no merit to Watley's underlying claim of ineffective assistance of plea counsel. Consequently, we cannot conclude that PCRA counsel rendered ineffective assistance by failing to challenge plea counsel's alleged ineffectiveness in this regard. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1128 n.10 (Pa. 2007) (concluding that the failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim).

---

[7] As this Court has explained,

> a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007) (citations omitted).

In his fourteenth claim, Watley argues that his plea counsel failed to file a requested direct appeal. Brief for Appellant at 34. Watley asserts that plea counsel violated his constitutional rights by not filing an appeal. *Id.* at 31-32.

Watley did not raise this claim in his *pro se* PCRA Petition, the Amended Petition, or his Reply to PCRA counsel's **Finley** letter. Accordingly, it is waived. **See Rose**, 2017 Pa. Super. LEXIS 756, at *12 (deeming an issue waived where the specific objection was not raised for the first time until it was included in the appellant's Pa.R.A.P. 1925(b) statement).

In his fifteenth claim of error, Watley argues that his plea counsel rendered ineffective assistance by not filing omnibus pretrial motions to challenge (1) the statute of limitations, (2) the application of Pa.R.Crim.P. 600, and (3) a suggestive identification procedure. Brief for Appellant at 29. Watley further argues that his counsel failed to subpoena exculpatory information. *Id.* Watley argues that his plea counsel did not act in his best interests when he failed to "Amend and Submit" the omnibus pretrial Motions filed by Watley, *pro se*, and by abandoning those issues. *Id.* Watley further argues that his plea counsel improperly failed to challenge the victim's identification of him as one of the perpetrators, as well as the statute of limitations and the violation by the Commonwealth of Rule 600. *Id.* at 29-30.

In his related, sixteenth through nineteenth claims, Watley again challenges the Commonwealth's violation of Rule 600, its failure to notify Watley of the expiration of the statute of limitations period, and its improper use of a suggestive identification procedure. *See id.* at 37-41.

In its Opinion, the PCRA court addressed these claims and concluded that they lack merit. *See* PCRA Court Opinion, 3/18/17, at 11-12 (related to the statute of limitations and the alleged exculpatory evidence), 12-14 (related to the victim's identification of Watley), 14-15 (related to Watley's Rule 600 challenge). We agree with the sound reasoning of the PCRA court and affirm on this basis with regard to these claims. *See id.*[8]

In his twentieth through twenty-second issues, Watley claims that his plea counsel rendered ineffective assistance by not investigating the case, meeting with Watley, and interviewing potential alibi witnesses. Brief for Appellant at 30-31 (claiming the failure to interview witnesses), 42-44 (claiming the failure to consult with Watley and investigate the case).

In its Opinion, the PCRA court addressed these claims and concluded that they lack merit. *See* PCRA Court Opinion, 3/18/17, at 8-11. The PCRA Court's findings are supported in the record and its legal conclusions are

---

[8] *See Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) (recognizing that "[a] plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses.").

sound. We therefore affirm on the basis of the PCRA court's Opinion with regard to these claims. ***See id.***

Finally, Watley argues that his PCRA counsel rendered ineffective assistance by failing to preserve Watley's claims. Brief for Appellant at 45. According to Watley, counsel was required to discover issues of merit and amend the issues presented in his *pro se* PCRA Petition. ***Id.*** In particular, Watley asserts that PCRA counsel rendered ineffective assistance by not preserving issues related to the legality of his sentence, the withholding of exculpatory information, and plea counsel's representation to the trial court that Watley understood his guilty plea. ***Id.*** Watley offers no legal analysis as to each of these assertions. To the extent that Watley's claims are not addressed *supra*, we conclude that they are waived. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." (citation omitted)).

Order affirmed.

J-S57037-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2017

**IN THE COURT OF COMMON PLEAS OF
NORTHAMPTON COUNTY, PENNSYLVANIA
CRIMINAL**

| | | |
|---|---|---|
| **COMMONWEALTH OF** | ) | |
| **PENNSYLVANIA** | ) | **No. C-48-CR-1039-2014** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ANDRE RAYMELLE WATLEY,** | ) | |
| **Defendant** | ) | |

## PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a) STATEMENT

AND NOW, this 18th day of April, 2017, it is hereby specified that the

place in the record where the reasons in support of the order appealed from

may be found is the Court's "Order of Court Dismissing Defendant's Petition

for Post-Conviction Collateral Relief" ("Dismissal Order"), filed on January

27, 2017, as supplemented herein.[1]

---

[1]     On March 2, 2017, Defendant filed a "Statement of Matters Complained of Purs[ua]nt to Rule 1925(b) of the Pennsylvania Rules of [Appellate] Procedure" ("Concise Statement"). All of the issues raised in the Concise Statement, with the exception of issues 1 and 2, either were not raised in this Court and are thus waived, pursuant to Rule of Appellate Procedure 302(a), are already discussed in the Statement of Reasons contained in the Dismissal Order, or are too vague for the Court to respond to and are thus waived. *See Commonwealth v. Thompson*, 778 A.2d 1215, 1223-24 (Pa. Super. 2001) (issues raised in concise statement waived if too vague for the court to identify and address).

1

On July 1, 2015, Defendant pleaded guilty to one count of robbery as a felony of the second degree,[2] one count of terroristic threats as a misdemeanor of the first degree,[3] and one count of aggravated assault as a felony of the first degree.[4] On July 22, 2015, the Court sentenced Defendant to an aggregate sentence of six to twenty years in state prison. Defendant did not appeal from the judgment of sentence.

On June 7, 2016, Defendant, acting *pro se*, filed a "Petition for Post[-]Conviction Collateral Relief" ("PCRA Petition"), pursuant to the Post[-]Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On June 14, 2016, James P. Madsen, Esquire was appointed to represent Defendant with regard to his PCRA Petition. On August 11, 2016, Attorney Madsen filed an Amended PCRA Petition, raising the following three issues: 1) Defendant's guilty plea counsel, James F. Brose, Esquire ("Guilty Plea Counsel") was ineffective for failing to challenge a pre-trial identification of Defendant; 2) Guilty Plea Counsel was ineffective for failing to seek dismissal of the case pursuant to the statute of limitations; and 3) Guilty Plea Counsel was ineffective for failing to seek dismissal of the case pursuant to Pennsylvania Rule of Criminal Procedure 600(D)(1).

On August 24, 2016, Attorney Madsen's appointment as Defendant's counsel was vacated, and Alexander J. Karam, Jr., Esquire was appointed to

---

[2]    18 Pa.C.S.A. § 3701(a)(1)(iv).
[3]    *Id.* § 2706.
[4]    *Id.* § 2702(a)(1).

2

represent Defendant. Attorney Karam chose to rely on the Amended PCRA Petition filed by Attorney Madsen, and a hearing was held thereon on October 25, 2016. Thereafter, the Court set a briefing schedule for the parties.

On November 18, 2016, the Court received a No-Merit Letter from Attorney Karam, wherein he indicated that, based on the record made at the hearing and his review of the file, there was no issue that would entitle Defendant to post-conviction collateral relief in this case. Accordingly, Attorney Karam requested permission to withdraw his appearance and noted that he was sending a copy of the No-Merit Letter to Defendant with instructions about continuing *pro se* or with private counsel.[5]

On December 21, 2016, the Court filed a Notice indicating that it intended to dismiss Defendant's Amended PCRA Petition. In the Notice, the Court vacated Attorney Karam's appointment to represent Defendant and notified Defendant that he could proceed *pro se* or retain private counsel.[6]

---

[5] On December 12, 2016, Defendant filed a *pro se* petition for post-conviction collateral relief. However, because Defendant was represented by counsel at the time of this filing, the Court took no action on the *pro se* petition and referred it to Defendant's counsel. *See* Pa.R.Crim.P. 576(A)(4). The issue that Defendant attempted to raise in the *pro se* petition relates to issues 3, 4, and 5 in the Concise Statement, which the Court will address further *infra*.

[6] On January 5, 2017, after Attorney Karam's appointment was vacated, Defendant filed another *pro se* "Petition for Post[-]Conviction Collateral Relief" ("Second PCRA Petition"). As Defendant's appeal from the Dismissal Order is pending in the Superior Court, this Second PCRA Petition remains pending before this Court pursuant to *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) ("[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.").

3

On December 30, 2016, Defendant, acting *pro se*, timely filed a "Reply & Answer to Counsel's Turner/Finley No Merit Letter" ("Response"), pursuant to Rule 907(1) and *Commonwealth v. Pitts*, 981 A.2d 875, 879 n.3 (Pa. 2009) (noting challenge to no-merit letter and withdrawal of appointed counsel is waived if not raised in response to notice of intention to dismiss PCRA petition).[7]  In the Response, Defendant raised the following five issues: 1) Attorney Karam was incorrect in concluding that Guilty Plea Counsel was not ineffective for failing to seek dismissal of the case pursuant to Rule 600; 2) Attorney Karam was incorrect in concluding that Guilty Plea Counsel was not ineffective for failing to seek dismissal of the case pursuant to the statute of limitations; 3) Attorney Karam's No-Merit Letter failed to address Defendant's claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), which was raised in Defendant's original *pro se* PCRA Petition; 4) Attorney Karam was incorrect in concluding that Defendant's guilty plea was knowing, intelligent, and voluntary; and 5) Attorney Karam was incorrect in concluding that Guilty Plea Counsel was not ineffective for failing to challenge the pre-trial identification of Defendant.

---

[7]  In *Commonwealth v. Henkel*, 90 A.3d 16 (Pa. Super. 2014), the Superior Court discussed the difficulty in enforcing PCRA petitioners' rule-based right to effective counsel. The court noted that "[p]ossible non-legislative solutions to alleviate the problem could include requiring a notice of intent to dismiss in all first-time petition cases, even after an evidentiary hearing." *Henkel*, 90 A.3d at 29 n.4. That is exactly the procedure that was employed in this case.  However, the Court notes that it mistakenly titled its Notice as a "Notice of Intention to Dismiss Defendant's Petition for Post-Conviction Collateral Relief *Without a Hearing*."

4

On January 27, 2017, the Court entered the Dismissal Order that is the subject of the instant appeal. In the Dismissal Order, the Court dismissed Defendant's Amended PCRA Petition and, by extension, his underlying *pro se* PCRA Petition, finding that Guilty Plea Counsel was not ineffective, Defendant's guilty plea was knowing, intelligent, and voluntary, and Defendant waived his *Brady* claim.

After the Court ordered him to do so, Defendant filed his Concise Statement, in which he raises the following pertinent issues:

1. Whether [Attorney Karam's No-Merit] Letter was insufficient as a matter of law when [Attorney Karam] failed to (1) detail the nature and extent of his review; (2) list each issue the petitioner wished to have reviewed; [and] (3) explain in the No[-]Merit Letter why [Defendant]'s issues are meritless[,] in relation to . . . *pro se* issue 1?

2. Whether PCRA Court erred in concurring with and accepting [Attorney Karam]'s defective [No-Merit] Letter, allowing [Attorney Karam] to withdraw?

3. Whether [Attorney Karam] was constitutionally ineffective for failing to present 'sworn affidavit' made by eye[]witness "George J. Groller" in which he {[Attorney Karam]} failed to submit "newly[-]discovered" evidence that raised a question of assurance as to [Defendant]'s actual innocence at evidentiary hearing on October 25th, 2016?

4. Whether [Attorney Karam] was constitutionally ineffective for failing to submit/forward [Defendant]'s *pro se* PCRA petition filed on December 12th, 2016[,] claiming he {[Attorney Karam]} was ineffective for abandoning to present "sworn affidavit" and Commonwealth['s] failure to turn over favorable "exculpatory["] information in [Defendant]'s favor?

5

5. Whether [Attorney Karam] was constitutionally ineffective for failing to request a continuance to present eye[]witness George J. Groller to testify?

(Concise Statement 1-2 (suggested answers omitted).)[8]

First, Defendant asserts that Attorney Karam's No-Merit Letter was insufficient as to PCRA Ground #1 in Defendant's original, *pro se* PCRA Petition, which was filed on June 7, 2016. PCRA Ground #1 asserted that Guilty Plea Counsel was ineffective for a multitude of reasons, including failing to meet with Defendant to prepare a defense, failing to investigate the case, failing to challenge the pre-trial identification, and failing to challenge the case under the statute of limitations.

> Counsel petitioning to withdraw from PCRA representation must . . . review the case zealously. *Turner/Finley*[9] counsel must then submit a "no-merit" letter to the trial court . . . detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of *Turner/Finley*, the court . . . must then conduct its own review of the merits of the case. If

---

[8] The Court has not reproduced issues 6 through 23, all of which either were not raised in this Court, are already discussed in the statement of reasons contained in the Dismissal Order, or are too vague to permit review and are thus waived. *See* note 1, *supra*. In addition, several of the issues are essentially duplicative of each other or are subsumed within one of the issues reproduced above.

[9] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

6

the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (quoting *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012)).

In his No-Merit Letter, Attorney Karam stated that he "review[ed] the docket, the file, the transcript of the PCRA hearing[,] and the record made." (No-Merit Letter 1.) Therefore, he detailed the nature of his review. Additionally, Attorney Karam listed and discussed all of the issues raised in PCRA Ground #1, concluding and explaining that none of them had any merit. Accordingly, Attorney Karam's No-Merit Letter was not defective as alleged by Defendant.

In the second issue raised in his Concise Statement, Defendant claims that this Court erred in agreeing with Attorney Karam's assessment that all of Defendant's claims lacked merit. Because this issue essentially claims that the Court erred in dismissing his PCRA Petition, the Court will discuss the merits of Defendant's PCRA issues. Because all such issues did indeed lack merit, Defendant is not entitled to appellate relief.

> Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. *Commonwealth ex rel. Dadario v. Goldberg,* 565 Pa. 280, 773 A.2d 126 (2001) (holding all constitutionally recognized claims of ineffective assistance are cognizable under PCRA). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser,* 921 A.2d 526, 531 (Pa. Super. 2007) (quoting *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa.

7

Super. 2002)). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Moser, supra.*

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (*en banc*), *appeal denied,* 585 Pa. 688, 887 A.2d 1241 (2005) (internal citations omitted).

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016). In addition, a defendant's "mere dissatisfaction with counsel does not work a violation of his Sixth Amendment right to counsel. Without more, such dissatisfaction could not create a situation which we would recognize as coercing a guilty plea." *Commonwealth v. Egan*, 469 A.2d 186, 190 (Pa. Super. 1983).

The Court begins with Defendant's assertions that Guilty Plea Counsel was ineffective for failing to meet with him to consult about the case and for failing to investigate the case. This particular claim is one uniquely familiar

8

to Defendant, who has raised it before in a separate, prior PCRA case,[10] in which the Superior Court stated:

> "[C]ounsel is not deemed ineffective *per se* merely because of the short amount of time he has met with his client." *Commonwealth v. Porter*, 556 Pa. 301, 728 A.2d 890, 896 (1999). "[T]he time actually spent by counsel with the accused discussing his case is not necessarily related to, and affords no basis for inferring, the extent of total trial preparation." *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378, 381 (1973). Rather, "to establish [ineffectiveness of counsel, the defendant] must establish that counsel inexcusably failed to raise issues which, had they been raised, would have afforded [the defendant] relief." *Porter*, 728 A.2d at 896.

*Commonwealth v. Watley*, 153 A.3d 1034, 1046 (Pa. Super. 2016) (some alterations in original); *see also Commonwealth v. Dade*, 418 A.2d 661, 662 (Pa. Super. 1980) ("The length of time counsel consults with his client is but one factor determining whether the chosen course was reasonable.").

With regard to meeting with Defendant, Guilty Plea Counsel testified at the PCRA hearing that he met and spoke with Defendant several times and that Defendant ultimately agreed with Guilty Plea Counsel's assessment that his chances at trial were not strong. (*See* N.T., 10/25/2016, at 17:11-20,

---

[10] In that case, Defendant

> was convicted of two counts of firearms not to be carried without a license, one count of possession with intent to deliver ("PWID") ecstasy, one count of criminal conspiracy to commit PWID, one count of possession of ecstasy, one count of possession of a small amount of marijuana, one count of false identification to law enforcement, and two summary offenses. The court imposed consecutive sentences of 42-84 months on the firearms charges, 60-120 months on the PWID charge, 4-12 months on the false identification charge, and a consecutive sentence of 15-30 days on the marijuana charge.

*Commonwealth v. Watley*, 153 A.3d 1034, 1038 (Pa. Super. 2016) (footnotes omitted).

9

20:9-21, 22:22-25:20, 29:7-14, 68:17-69:22.) This represents sufficient consultation with Defendant regarding his case.

With regard to investigating potential witnesses,

[c]ounsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. . . . The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance. . . .

. . . .

When raising a failure to call a potential witness claim, the PCRA petitioner satisfies the performance and prejudice requirements . . . by establishing that:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Washington,* 592 Pa. 698, 927 A.2d 586, 599 (2007).

*Commonwealth v. Johnson*, 966 A.2d 523, 535-36 (Pa. 2009) (citations omitted).

In his *pro se* PCRA Petition, Defendant referred, in vague terms, to the fact that Guilty Plea Counsel failed to interview potential witnesses by the names of Eddie Matos and Tywaan Hendricks. (PCRA Pet. ¶ 6A PCRA Ground #1.) However, at no time did Defendant ever plead or provide

10

evidence showing that either Matos or Hendricks was willing to testify for the defense. (*See* N.T., 10/25/2016, at 47:1-16, 65:7-11, 75:23-76:11 (here, Guilty Plea Counsel noted that, based upon the statement Matos gave to police, he would not have been a helpful defense witness; nevertheless, he would have investigated him further had Defendant not expressed a desire to accept a plea deal).) Therefore, Defendant has not met his burden of establishing that Guilty Plea Counsel was ineffective for failing to interview these potential witnesses.

In his Amended PCRA Petition and *pro se* PCRA Petition, Defendant asserted that Guilty Plea Counsel was ineffective for failing to seek dismissal of the case pursuant to the applicable statute of limitations. The salient statute of limitations is found at section 5552 of the Judicial Code, which states that a prosecution for a "major offense," or a conspiracy to commit one, must be commenced within five years after it is committed or conspired to be committed. 42 Pa.C.S.A. § 5552(b)(1), (3). "[A] prosecution is commenced . . . when . . . an information under section 8931(b) [of the Judicial Code] (relating to indictment and information) is issued, or when a warrant, summons or citation is issued, if such warrant, summons or citation is executed without unreasonable delay." *Id.* § 5552(e).

Every offense charged in the information in this case was governed by this five-year statute of limitations. The events giving rise to the charges occurred on February 3, 2009. According to the magisterial district court

11

docket sheets, a warrant for Defendant's arrest was issued on January 31, 2014, and was returned served on February 24, 2014. Thus, the warrant was issued within the five-year period and executed without unreasonable delay.[11] Accordingly, there was no basis for challenging Defendant's case based upon the statute of limitations.[12]

In PCRA Ground #2 of his *pro se* PCRA Petition, Defendant claimed that the Commonwealth violated *Brady* by failing to turn over a statement allegedly made by the victim to a counselor at Lehigh County Prison. As discussed in the Dismissal Order, Defendant waived this claim by failing to raise it on direct appeal. *Id.* § 9544(b); (*see also* N.T., 10/25/2016, at 30:18-32:6 (Guilty Plea Counsel noting that Defendant did not ask him to file an appeal), Ex. CW5 (letter from Guilty Plea Counsel indicating his willingness to file an appeal if requested by Defendant).) In addition, *pro se* PCRA Ground #3 raised the statute of limitations, which the Court has already discussed above.

In his Amended PCRA Petition and in PCRA Ground #4 of his *pro se* PCRA Petition, Defendant claimed that Guilty Plea Counsel was ineffective for failing to move to suppress a "suggestive identification." The photograph

---

[11] Defendant was in jail for a separate case at the time the instant arrest warrant was issued, thus explaining the delay in its execution. (*See* N.T., 10/25/2016, at 39:3-40:20.)

[12] In his No-Merit Letter, Attorney Karam found that Defendant's statute of limitations issue lacked merit because "[a] police criminal complaint was filed on January 31, 2014, (5 years less 3 days from the offense date)." (No-Merit Letter 2.) While this is true, a prosecution is commenced either upon the issuance of a warrant or the filing of an *information*, not a criminal complaint. Nevertheless, Attorney Karam was ultimately correct that the case was commenced within the statute of limitations.

12

that was, allegedly, used to secure an identification of Defendant is attached, in black and white, to Defendant's Response to the Court's Notice as Exhibit A. At the PCRA hearing, Guilty Plea Counsel testified that he concluded that a challenge to the identification based upon the photograph would have been unsuccessful, and this Court agrees. (*See* N.T., 10/25/2016, at 7:20-8:23, 22:15-23:7, 74:5-75:22, 78:9-79:1.)

"Photographs used in line-ups are not unduly suggestive if the suspect's picture does not stand out more than the others, and the people depicted all exhibit similar facial characteristics." *Commonwealth v. Stiles*, 143 A.3d 968, 978 (Pa. Super. 2016) (quoting *Commonwealth v. Fulmore*, 25 A.3d 340, 346 (Pa. Super. 2011)). Here Defendant's sole argument is that he is wearing prison clothes in the photograph. However, that fact, assuming it is true, is not obvious to the naked eye, and Defendant's photograph has no other unique characteristics that would make it stand out from any others. Further, Guilty Plea Counsel testified that there was nothing in the photo array that made him believe that Defendant's stood out. (N.T., 10/25/2016, at 78:9-20.) For these reasons, Guilty Plea Counsel correctly assessed that his chances of getting the identification and photograph suppressed were low and that a better strategy was to forgo a motion to suppress in favor of negotiating a plea deal, especially in light of the eyewitness testimony that the Commonwealth was prepared to offer against Defendant. *Cf. Commonwealth v. Little*, 359 A.2d 788, 790 (Pa.

13

1976) ("[G]iven . . . eyewitness testimony, counsel's advice to enter a plea of guilty without pursuing the avenue of a motion to suppress is not ground upon which to reasonably question counsel's stewardship."); *see also Commonwealth v. Chumley*, 394 A.2d 497, 505 (Pa. 1978) ("Counsels' failure to file frivolous motions cannot support a claim that counsels' 'ineffectiveness' induced [a] plea and rendered it invalid."). For these reasons, Guilty Plea Counsel was not ineffective for failing to move to suppress the photo identification.

In his Amended PCRA Petition, Defendant alleged that Guilty Plea Counsel should have moved to dismiss the charges pursuant to Rule 600(A).

> For purposes of determining the time within which trial must be commenced pursuant to paragraph (A), paragraph (C)(1) makes it clear that any delay in the commencement of trial that is not attributable to the Commonwealth when the Commonwealth has exercised due diligence must be excluded from the computation of time. Thus, the inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. *See, e.g., Commonwealth v. Dixon*, 589 Pa. 28, 907 A.2d 468 (2006); *Commonwealth v. Matis*, 551 Pa. 220, 710 A.2d 12 (1998). If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded. *See, e.g., Commonwealth v. Browne*, 526 Pa. 83, 584 A.2d 902 (1990); *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981).

Pa.R.Crim.P. 600 explanatory cmt.

Here, the record does not reflect any period of delay that was attributable to the Commonwealth's lack of due diligence, let alone enough

14

to warrant a Rule 600 motion. Accordingly, Guilty Plea Counsel was not ineffective for failing to pursue a Rule 600-based challenge.

Finally, the Court will address the issue that Defendant raises in issues 3-5 of his Concise Statement and that he attempted to raise in his *pro se* petition filed on December 12, 2016, which the Court could not consider because it was an improper hybrid filing. Defendant asserts that Attorney Karam was ineffective for failing to present to the Court an affidavit in which George J. Groller, who left the victim's residence prior to the assault, states that he did not see Defendant enter the residence that day, although he saw two other males arriving as he was leaving. The affidavit also states that the victim has, since the time of the assault, failed to mention Defendant's name to Groller when describing the individuals responsible for the assault. First, the Court notes that, technically, Defendant has waived this claim on appeal by not raising it in this Court. While Defendant attempted to raise the issue in his petition filed on December 12, 2016, that petition was a legal nullity because Defendant was represented by counsel when he filed it. *See Commonwealth v. Ruiz*, 131 A.3d 54, 56 n.4 (Pa. Super. 2015). In addition, Defendant did not mention the issue in his Response to the Court's Notice. Accordingly, it is waived and cannot entitle him to appellate relief.

Even if Defendant had preserved the issue, his argument before this Court would necessarily have been that Attorney Karam should have requested leave to amend the Amended PCRA Petition to include a claim of

15

after-discovered evidence relating to the Groller affidavit. However, there would have been no merit to such a claim. Thus, Attorney Karam was not ineffective for failing to raise the issue in this Court.

> In *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973), the supreme court [of Pennsylvania] held that a court should allow the withdrawal of a guilty plea after sentencing to correct a manifest injustice to the defendant. Subsequently, the supreme court determined that any after-discovered evidence which would justify a new trial would also satisfy the requirements of *Starr, supra. Commonwealth v. Peoples*, 456 Pa. 274, 319 A.2d 679 (1974). For a defendant to be entitled to a new trial where he has produced after-discovered evidence, "the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must now be cumulative or merely impeach credibility, and must be such as would likely compel a different result." *Commonwealth v. Bulted*, 443 Pa. 422, 279 A.2d 158 (1971).

*Commonwealth v. Crawford*, 427 A.2d 166, 175 (Pa. Super. 1981).

Here, an after-discovered-evidence claim based upon the Groller affidavit would have failed under the final prong, in that it would not have compelled a different result had Defendant gone to trial. In *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 104-07 (Pa. 1998), the court considered after-discovered evidence claims relating to several witnesses. In rejecting the claims, the court's prevailing rationale was that the testimony of the after-discovered witnesses, even taken as true, would not have changed the result of the defendant's trial because their testimony conflicted with that of other, stronger eyewitnesses. The court stated:

16

Respecting Appellant's claim that all of these witnesses and/or their PCRA proffered testimony constituted "after-discovered evidence," we note that . . . there remains the . . . unequivocal testimony of [Eyewitness 1] and [Eyewitness 2], both of whom presented damaging testimony at trial, which testimony renders it unlikely that any of the above claims, either singularly or cumulatively, could compel a different verdict.

*Id.* at 107 n.34.

Here, the Commonwealth was similarly prepared to offer "damaging" eyewitness testimony implicating Defendant. More specifically, the Commonwealth was prepared to offer the testimony of the victim, Mitch Brown, who positively identified Defendant as the assailant who penetrated his anus with a broomstick and who held a large butcher knife to his throat while threatening to slit his throat and to cut off his penis. (Criminal Compl., Aff. of Probable Cause ¶¶ 12-13, 24, 39; N.T., 10/25/2016, at 60:17-61:3.) Another Commonwealth witness, Matt Simard, arrived at the victim's home during the attack and was told by the assailants that the victim was not home. (Criminal Compl., Aff. of Probable Cause ¶ 16.) Simard positively identified Defendant as being one of the two assailants. (*Id.* ¶ 27.) Finally, Defendant's accomplice was granted immunity and was prepared to testify against Defendant. (N.T., 10/25/2016, at 61:4-17.) Therefore, assuming for the sake of argument that Defendant chose to go to trial, the purported testimony of Groller to the effect that he did not see Defendant "entering"[13]

---

[13] The Court notes that just because Groller did not see Defendant "entering" the victim's home when he saw two other males arrive that day does not mean that Defendant

17

the victim's residence that day and that the victim did not mention Defendant's name to Groller when describing the assailants after the attack[14] would clearly have been outweighed by the testimony of numerous other witnesses who saw Defendant commit the crimes charged or saw him at the scene of the crime. As a result, for purposes of an after-discovered evidence claim related to Groller, Defendant would have been unable to sustain his burden of proving that Groller's testimony would have compelled a different result. For this reason, Attorney Karam was not ineffective for failing to request permission to amend Defendant's PCRA Petition to raise such a claim.

BY THE COURT:

_____
ANTHONY S. BELTRAMI, J.

---

was not at the victim's home at the time of the assault. This is especially so here because the victim described *three* males, including Defendant, as entering his residence prior to the assault. (Criminal Compl., Aff. of Probable Cause ¶¶ 8-12.)

[14] It should be noted that the victim did not know Defendant's name and only knew him by his street name, "T-Ross." (*Id.* ¶¶ 6-7, 12-13, 39.)